**SPRINGFIELD WHITE CASTLE COM-PANY, Plaintiff,**

v.

**Eugene P. FOLEY, Administrator, Small Business Administration, Defendant.**

**No. 14763-2.**

United States District Court
W. D. Missouri, W. D.
May 27, 1964.

Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., for plaintiff.

F. Russell Millin and John L. Kapnistos, Kansas City, Mo., for defendant.

GIBSON, Chief Judge.

This is an action brought by Springfield White Castle Company seeking a declaration that the decision by the Small Business Administration holding

that plaintiff is not a small business within the purview of the Small Business Act, §§ 631–651, Title 15 U.S.C., is erroneous and not supported by substantial evidence. Jurisdiction is founded on § 634, Title 15 U.S.C.

Plaintiff is a Missouri corporation engaged in the business of furnishing custodial and janitorial services. Under the presently existing government policy, the field of janitorial services is "set aside" for small business, and those companies wishing to enter into contracts with the government for the supply of custodial and janitorial services must qualify as small businesses within the meaning of the Small Business Act. Thus the determination that plaintiff is a big business operates to foreclose any contracts with the federal government.

■■■ Before embarking on a discussion of the facts it should first be pointed out that if the determination of the Administrator is supported by substantial evidence, then that decision is final unless erroneous as a matter of law. § 1009, Title 5 U.S.C. In the present case the plaintiff does not quarrel with the validity of the regulations under which it was determined that plaintiff is not a small business, but plaintiff asserts that the finding of the administrator is not supported by substantial evidence. While this Court might, if making the original determination, reach a result different than that reached by the Administrator, if the finding of the Administrator is supported by substantial evidence then the finding of the Administrator must stand as final. In ascertaining whether the finding of the Administrator is supported by substantial evidence this Court will not look at the evidence of the Administrator in a vacuum, but will look at all of the evidence on both sides.

Prior to purchasing any substantial quantity of stock in the plaintiff Springfield White Castle Company, Richard N. Chrisman was employed by his brother, C. W. Chrisman, in C. W. Chrisman's janitorial service business which was called White Castle of Springfield. C. W.

Chrisman was the sole proprietor of White Castle and did business which amounted to an average of $1,000,000 per year. Under the regulations of the Small Business Administration which went into effect in September 1962, any concern in the janitorial service business which did business on the average of $1,000,000 per year annual receipts could not qualify as a small business. In January 1963, Richard N. Chrisman purchased 339 shares of the 700 total outstanding shares of Springfield White Castle which gave him holdings of 349 shares. Subsequently his holdings were increased until today he holds 424 shares or 60 per cent of the total shares of Springfield White Castle. His brother, C. W. Chrisman holds 246 shares or 35 per cent of the shares, and the remaining 30 shares are held by Roy D. Street and Paul R. Hornback. In addition to the 246 shares held by C. W. Chrisman in Springfield White Castle, C. W. Chrisman also holds 98 per cent of the stock of Facilities Management, Inc., both of which are in the janitor supply and equipment leasing business. It is undisputed that C. W. Chrisman is not an officer or director of plaintiff Springfield White Castle Company, and it is further undisputed that Springfield White Castle does not do an average business of $1,000,000 annual receipts. It is also undisputed that the annual receipts of Springfield White Castle, White Castle Janitor Supply, and Facilities Management, Inc., total more than $1,000,000.00.

In arriving at his determination that plaintiff Springfield White Castle is not a small business, the Administrator relied on § 121.3–8(a) and § 121.3–8(a) (5) of the Small Business Size Standard Regulations which provide that a concern does not qualify as a small business if that concern, together with its affiliates, has average annual receipts for the three preceding years of over $1,000,000.00. In defining affiliates § 121.3–2(a) of the regulations provides:

"(a) 'Affiliates': Concerns are affiliates of each other when either directly or indirectly (1) one con-

cern \* \* \* controls or has the power to control the other, or (2) a third party or parties \* \* \* controls or has the power to control both. In determining whether concerns are independently owned and operated and whether or not affiliation exists, consideration shall be given to all appropriate factors including common ownership, common management, and contractual relationships."

Further in § 706.0224, Chapter VII, Agency Policy Manual of the Small Business Administration, promulgated May 3, 1961, the term "parties" is described as follows:

"The term 'parties' as used in section 121.3–2(a) of the Small Business Size Standards Regulation means two or more persons with an ·indentity of interest. Thus, members of the same family or persons with common investments in more than one concern, etc. may be considered as the same 'third parties.' "

It was under these regulations that the Administrator made his finding that plaintiff was not a small business due to the identity of interest between C. W. Chrisman and his brother Richard N. Chrisman. In view of the relationship between Richard N. Chrisman and C. W. Chrisman, the timing of the severance of connections of Richard N. Chrisman from White Castle, the method used in transferring additional stock from C. W. Chrisman to his brother R. N. Chrisman, his assumption of a position with Springfield White Castle, and the related nature of the corporations and concerns involved, the Court is of the opinion that the finding of the Administrator is supported by substantial evidence on the whole record.

For the foregoing reasons the findings and determination of the Administrator that Springfield White Castle Company is not a small business within the meaning of the Small Business Act is affirmed.

It is so ordered.