AMERICAN ELECTRIC COMPANY,
Ltd., a Hawaii corporation,
Plaintiff,

v.

UNITED STATES of America, Federal
Aviation Agency, and Small Business
Administration, Defendants.

Civ. No. 2679.

United States District Court
D. Hawaii.

July 14, 1967.

**690**

Howard K. Hoddick, Honolulu, Hawaii, for plaintiff.

Yoshimi Hayashi, Acting U. S. Atty., for Dist. of Hawaii, for defendants.

## DECISION

### JAMES M. CARTER, Judge.

In February 1967, American Electric Company, Ltd., a Hawaii corporation, bid on a small electrical construction contract known as the TACAN Modification to VOR Facility at Puu Ioleau on Kauai, Invitation No. PC–63–7–32, in competition against Heat-Cool Engineering, Inc., another Hawaii corporation. The contract was open for award to the lowest competitive bidder by the Federal Aviation Agency and was available to small business concerns only.

Heat-Cool Engineering protested to the FAA that American Electric was not entitled to this contract, despite the fact that American submitted the lowest bid (Plaintiff's bid was for $6784.00; Heat-Cool's, $7974.00), since it was not a small business concern. The dispute was referred to the Small Business Administration and subsequently appealed to the Size Appeals Board, as provided by 13 C.F.R. § 121.3–5, 6. Both bodies con-

cluded that American was not a small business concern. Having exhausted all its available administrative remedies, American filed a complaint in this court, praying that a preliminary injunction be issued setting aside the contract award to Heat-Cool Engineering and that a declaratory judgment be rendered declaring that plaintiff American Electric is a small business concern under 15 U.S.C. § 632.

Chief Judge Martin Pence of the United States District Court of Hawaii signed a temporary restraining order on the FAA at the request of American Electric on May 31, 1967. The United States filed a motion to dismiss the complaint on June 30, 1967. Prior to today's hearing, all parties filed a stipulation that the complaint be dismissed as to Heat-Cool Engineering.

As a general rule, a disappointed bidder has no legal right to the award of a contract, even if he happens to be the lowest bidder. That is because bidding is instituted solely for the benefit of the government; a private person has no enforceable remedy. Larson v. Domestic & Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), Hawthorne v. United States Department of Interior, 160 F.Supp 417 (D.C.1958), 2 McBride & Wachtel, Government Contracts § 10.20. Bidder's Right to an Award.

The threshold question, therefore, is whether this Court has jurisdiction to hear the present case. We hold that the Court has the requisite jurisdiction. Under 15 U.S.C. § 634(b)(1), it is provided that the Small Business Administrator may sue and be sued in any United States district court. Moreover, federal district courts have previously granted judicial review under the Administrative Procedures Act, 5 U.S.C. § 1009, for the purpose of reviewing size determinations of the SBA. Springfield White Castle Co. v. Foley, 230 F.Supp. 77 (D.C. 1964). Thus, the Court in the instant case has power to make a declaratory judgment under 28 U.S.C. § 2201.

■ Under 15 U.S.C. § 631, it is the declared policy of Congress that the government should assist small businesses as much as possible by placing a fair proportion of all government contracts with such concerns. Pursuant to that policy, the Small Business Administration was set up and empowered to determine within any industry which concerns and other business enterprises are to be designated as "small business concerns." 15 U.S.C. § 637(b) (6). In addition, the SBA was authorized to use various criteria in making this determination, such as the dollar volume of the company's business. 15 U.S.C. § 632. The SBA criteria, published in the Code of Federal Regulations, have the force and effect of law. Otis Steel Products Corp. v. United States, 316 F.2d 937, 161 Ct.Cl. 694 (1963).

According to the Small Business Size Standards, 13 C.F.R. § 121.3–8, a small business for purposes of government procurement in the construction field is one whose average annual receipts for its preceding three fiscal years do not exceed $7½ million. 13 C.F.R. § 121.3–8(a)1. Both in the administrative hearing and at the hearing before this Court, it was acknowledged that the annual sales of American Electric and its affiliates far exceed $7.5 million. It was also admitted by counsel for American Electric that it controls or has the power to control all of its eighteen affiliates.

■ American Electric contends, however, that in computing the $7.5 million sales figure, only American and its two affiliates which are directly engaged in the electrical contracting business should be considered. Counsel for American cited no cases or other authority to support his contention.

An examination of the relevant statutes and regulations reveals that American's interpretation is not only contrary to the express language of the applicable provisions, but it also conflicts with the spirit and policy of the small business legislation passed by Congress.

■ Under 13 C.F.R. 121.3–8, a regulation which the SBA was authorized to establish and which has the force and effect of law, it is specifically stated that affiliates must be included when defining a small business concern. The regulation further reads:

When computing the size status of a bidder or offerer, the * * * annual sales or receipts * * * of *the bidder or offerer and all of its affiliates* shall be included. (Emphasis added.)

Further, 13 C.F.R. 121.3–2, in defining annual sales or annual receipts, states that these terms mean "the annual sales or annual receipts, less returns and allowances, of a concern and its affiliates during its most recently completed fiscal year." Affiliates are defined in the same section in terms of the power of one concern to control the other.

■ Since counsel for American admits that its total sales exceeds $7.5 million when all affiliates are included, and that American has control over each affiliate, there is no factual issue in dispute. The only question becomes one of interpreting the regulations previously mentioned.

In doing so, this Court agrees with the ruling of the SBA and the Size Appeals Board. In its decision, the Size Appeals Board stated that, "There is no provision in the Small Business Size Standards Regulation under which receipts of an affiliate in an industry other than that in which the concern in question is engaged can be eliminated." Cf. Size Appeal of United States Instrument Corporation #102, August 17, 1964. This Court has found none either.

■ The SBA determination must be upheld unless its findings were erroneous as a matter of law, or arbitrary and contrary to law. It is not enough that this Court might, if making an original determination, reach a different result than the SBA. As a legal matter, we find that the determination made by the SBA and Size Appeals Board are in accord with the relevant regulations and prior decisions of those bodies. To decide otherwise would destroy the intent of the

Small Business Act, for it would mean that corporate giants with small affiliates doing work different from the parent could reap the benefits of small business contracts through its affiliates. By statute, these contracts are now reserved exclusively for independently owned and operated small business concerns. 15 U.S.C. § 632.

American Electric has petitioned for a preliminary injunction in its complaint. This issue becomes moot, as we decide the case on the merits.

On the basis of the record presented, the Court finds and determines that the plaintiff is not a small business concern within the meaning of 15 U.S.C. § 632, and the findings and determination of the SBA and Size Appeals Board are affirmed.