Thomas J. **MURRAY** et al., Plaintiffs,

v.

Thomas S. **KLEPPE**, Individually, and in his official capacity as Administrator of the Small Business Administration, et al., Defendants.

Civ. No. 76–1252.

United States District Court, M. D. Pennsylvania.

Jan. 6, 1977.

Joseph V. Kasper, Wilkes-Barre, Pa., for plaintiffs.

Laurence Kelly, Scranton, Pa., for defendants.

OPINION

MUIR, District Judge.

The Plaintiffs seek declaratory judgment as well as injunctive and mandamus type relief against the Defendants, who are officials of the Small Business Administration (S.B.A.). Plaintiffs allege that the Defendants acted arbitrarily and capriciously to-

wards them with respect to certain disaster relief loans. Currently pending is the Defendants' motion to dismiss for lack of jurisdiction which will be granted.

■ As officers of an agency of the United States Government admittedly acting at least within the outer perimeters of their authority, the Defendants are cloaked with sovereign immunity except to the extent by which it has been explicitly waived. *Larson v. Domestic and Foreign Commerce Corporation*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *United States v. Shaw*, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). Consequently, in order to sustain this litigation, Plaintiffs must demonstrate that the Government has consented to be sued in a case of this nature.

■ The Administrator of the Small Business Administration has the power to sue and may be sued except that "no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property." 15 U.S.C. § 634(b)(1).[1] This language is unequivocal in its intent *not* to consent to suits against the S.B.A. which seek injunctive or "other similar" relief. Thus, the Small Business Act cannot serve as the source of the Government's waiver of immunity in this case.

■ Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201, does not constitute consent by the United States to be sued since that statute did nothing to enlarge the jurisdiction of the Federal Courts. *Skelly Oil Company v. Phillips Petroleum Company*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Jersey Central Power and Light Company v. Local Unions 327, etc.*, 508 F.2d 687 (3d Cir. 1975); *Getty Oil Company (Eastern Operations), Inc. v. Ruckelshaus*,

467 F.2d 349 (3d Cir. 1972), cert. den., 409 U.S. 1125, 93 S.Ct. 937, 35 L.Ed.2d 256 (1972); *Nickerson v. U. S.*, 513 F.2d 31 (1st Cir. 1975); *Anderson v. United States*, 229 F.2d 675 (5th Cir. 1956).

■ Some courts have concluded that § 10(a) of the Administrative Procedure Act (A.P.A.), 5 U.S.C. § 702,[2] amounts to a waiver of immunity by the United States with respect to agency action which is arbitrary and capricious. *Lloyd Wood Construction Company v. Sandoval*, 318 F.Supp. 1167 (N.D.Ala.1970); *American Electric Company v. United States*, 270 F.Supp. 689 (D.Haw.1967); *Springfield White Castle v. Foley*, 230 F.Supp. 77 (W.D.Mo.1964). However, such a holding by this Court would fly directly in the face of the following language by the Court of Appeals for this Circuit:

"This court has repeatedly held that the APA does not confer jurisdiction upon federal courts over cases not otherwise within their competence, *Richardson v. United States*, 465 F.2d 844, 849 n.2 (3d Cir. 1972) (en banc), cert. denied, 410 U.S. 955, 93 S.Ct. 1420, 35 L.Ed.2d 688 (1973); *Zimmerman v. United States Government*, 422 F.2d 326, 330–331 (3d Cir.), cert. denied, 399 U.S. 911, 90 S.Ct. 2200, 26 L.Ed.2d 565 (1970); *Operating Engineers Local 542 v. N. L. R. B.*, 328 F.2d 850, 854 (3d Cir. 1964)." *Bachowski v. Brennan*, 502 F.2d 79, 82 (3d Cir. 1974).

See also *Getty Oil Company (Eastern Operations), Inc. v. Ruckelshaus*, 467 F.2d 349 (3d Cir. 1972), cert. den., 409 U.S. 1125, 93 S.Ct. 937, 35 L.Ed.2d 256 (1972).

The Court, absent some independent source of jurisdiction, has no power to issue a declaratory judgment or to exercise judi-

---

1. 15 U.S.C. § 634(b)(1) reads as follows:

"(b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may— (1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attach-

ment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property;"

2. 5 U.S.C. § 702 reads as follows:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

cial review under the Administrative Procedure Act. Since no statute has been cited by the Plaintiffs which demonstrates an intent by the United States to consent to this suit, the Defendants' motion to dismiss will be granted.

An appropriate order will be entered.