BAYCO, INC., Plaintiff,

v.

A. Vernon WEAVER, Administrator,
Small Business Administration,

and

Ivan Irizarry, Regional Director, Small
Business Administration, New York
Region, Defendants.

Civ. No. 80–516.

United States District Court,
D. Puerto Rico.

May 15, 1981.

Héctor L. Márquez, Márquez & Lebrón, Hato Rey, P. R., Marc Lamer and Theodore M. Kostos, Stassen, Kostos & Mason, Philadelphia, Pa., for plaintiff.

U. S. Atty., Hato Rey, P. R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico which filed this complaint against the Administrator of the Small Business Administration (hereinafter referred to as S.B.A.) and the Regional Director of the S.B.A., New York. According to the complaint, plaintiff alleges that defendants breached their subcontractual commitment to the plaintiff by their failure to disburse $400,000 in Business and Development Expense (hereinafter referred to as B.D.E.) funds to plaintiff; that defendants coerced plaintiff into accepting the subcontract without the B.D.E. funds; that defendants terminated it from the S.B.A. 2[8](a) Program without complying with the requirements of the Small Business Act, Public Law 95–507, 15 U.S.C. § 637(a)(9); and that defendants' actions frustrated the goals and purposes of the S.B.A. 2[8](a) Program. Plaintiff seeks injunctive, mandamus and declaratory relief in addition to its claim for recovery of the B.D.E. funds. As alternative basis for jurisdiction, plaintiff invoked 15 U.S.C. 634(b)(1) (Small Business Act); 5 U.S.C. § 701, et seq. (Administrative Procedure Act); 28 U.S.C. § 1331 (Federal Question); 28 U.S.C. § 1361 (Mandamus); 28 U.S.C. § 2201 (Declaratory Judgment); and 28 U.S.C. § 1337 (Commerce and Anti-Trust Statute).

There now is before this Court a motion by defendants to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, or in the alternative for transfer to the Court of Claims pursuant to 28 U.S.C. § 1406(c). The government contends that the complaint fails to establish subject matter jurisdiction and to state a claim upon which relief can be granted. Plaintiff filed its opposition and defendants filed a response thereto.

Plaintiff entered into a subcontractual relationship with S.B.A. under The Minority Small Business and Capital Ownership Development Program, commonly known as the 8(a) Program, established pursuant to the authority conferred by Section 2[8](a) of the Small Business Act, 15 U.S.C. § 631, et seq. The 2[8](a) Program was developed to assist small business concerns by placing government contracts through the negotiation of subcontracts with such concerns that are eligible to participate under the Section 2[8](a) Program. B.D.E. is a payment to an 2[8](a) concern approved by the Regional Administrator and restricted to certain approved uses.

The question now before the Court is whether we have jurisdiction to hear the case. Federal defendants allege that the complaint should be dismissed for lack of subject matter jurisdiction since the plaintiff's claim is, in substance, a claim based upon an alleged breach of contract for money damages in excess of $10,000 against the United States, and under the Tucker Act, 28 U.S.C. § 1346(a),[1] exclusive jurisdiction lies in the Court of Claims. The Tucker Act governs actions in contract against the United States and waives sovereign immunity conditioned on suit being brought in particular courts. Suits for $10,000 or less may be brought in either the district courts or the Court of Claims. Suits for more than $10,000 must be brought in the Court of Claims.

In support of their position defendants cite *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co.*, 595 F.2d 1126 (9 Cir., 1979); *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Land v. Dollar*, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1974), and others. We hold that the Court has the requisite jurisdiction.

Section 634(b)(1) of the Small Business Act provides:

"(b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this Chapter, the Administrator may

(1) sue and be sued in any court of record of a state having general jurisdiction or in a United States District Court, and jurisdiction is conferred upon such District Court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property."

All the cases relied on by defendants are not germane to the present issue since the Small Business Administration Act was not alleged as a jurisdictional basis. In *Putman Mills Corp. v. United States*, 432 F.2d 553 (2 Cir., 1970) the claim was against the United States and the District Court for the South-

---

1. Section 1346(a)(2) reads as follows:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

"(1) . . . .

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States."

ern District of New York dismissed plaintiff's claim on the ground that it sounded in deceit and not in tort, and the Second Circuit affirmed said judgment. In *Marcus Garvey Square v. Winston Burnet Construction, supra,* the National Housing Act was involved and therein the Court held that the suit was against the United States, and, therefore, the waiver of sovereign immunity in 12 U.S.C. § 1702 did not apply. However, the court did not decide whether the Tucker Act is an exclusive grant of jurisdiction since the court did not find another waiver of sovereign immunity or grant of jurisdiction which would apply to the facts of the case. Furthermore, the Ninth Circuit mentions that it has been suggested that the Tucker Act is not an exclusive grant of jurisdiction, but merely a conditional waiver of sovereign immunity; that if another waiver of immunity can be found, and some other basis for jurisdiction exists, the district court may properly hear the case. Several cases have found jurisdiction in the district courts pursuant to Section 634(b) for actions against the S.B.A. where the amount in controversy exceeded $10,000. See *Mar v. Kleppe,* 520 F.2d 867 (10 Cir., 1975); *Romero v. U.S.,* 462 F.2d 1036 (5 Cir., 1972), cert. denied 410 U.S. 928, 93 S.Ct. 1361, 35 L.Ed.2d 589 (1973); *Simpkins v. Davidson,* 302 F.Supp. 456 (S.D.N.Y., 1969); *Pottharst v. S.B.A.,* 329 F.Supp. 1142 (E.D.La., 1971); *Selected Risk Ins. Co. v. Kobelinski,* 421 F.Supp. 431 (E.D. Pa., 1976).

In *Mar v. Kleppe, supra,* as in the present case, defendant insisted that since the S.B.A. consented to be sued in the Court of Claims, it could not be sued in the district court. The court held that Section 634 contained an express consent to suit and said at 870:

"That neither do *Dungan v. Rank,* 372 U.S. 609, [83 S.Ct. 99, 10 L.Ed.2d 15] (1963), *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), and *Land v. Dollar,* 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947) help in the face of an express statutory consent."

Therefore, the court held that the suit was not required to be brought in the Court of Claims. As expressed in *Selected Risks Ins. Co. v. Kobelinski, supra,* at 434; "It is a maxim of statutory construction that the specific governs the general."

The subject matter jurisdiction alleged in almost all of the cases cited by defendants is the National Housing Act, 12 U.S.C. § 1702, and as to this statute there is a division of authority among the circuits. See, e. g. *Industrial Indemnity, Inc. v. Landrien,* 615 F.2d 644 (5 Cir., 1980); *S.S. Silberblatt, Inc. v. East Harlen Pilot Black,* 608 F.2d 28 (2 Cir., 1979); and *Trans Bay Engineers & Builders, Inc. v. Hills,* 551 F.2d 370 (D.C.Cir., 1976), finding waiver of sovereign immunity under 12 U.S.C. § 1702 and deciding that district court had jurisdiction versus *Marcus Garvey Square v. Winston Burnett Const., supra,* and *D.S.I. Corp. v. Secretary of Housing and Urban Development,* 594 F.2d 177 (9 Cir., 1979) finding no waiver of sovereign immunity under 12 U.S.C. § 1702 and holding that district courts lacked subject matter jurisdiction.

We find that there exists subject matter jurisdiction pursuant to Section 634(b)(1) as to the Administrator, but as the statute contains a proviso that an injunction and other writs cannot issue, so much of the complaint as requests a writ of mandamus or a mandatory injunction is dismissed. In view of our decision, it is not necessary to consider the other jurisdictional statutes alleged by plaintiff. However, federal district courts have previously granted judicial review under the Administrative Procedures Act, 5 U.S.C. § 1009; *Springfield White Castle Co. v. Foley,* 230 F.Supp. 77 (D.C.Cir., 1964) and under the declaratory Judgment Act, 28 U.S.C. § 2201; see *American Electric Co. v. United States,* 270 F.Supp. 689 (D.C.Hawaii, 1967).

WHEREFORE, in view of the above, the Court ORDERS that federal defendant's motion to dismiss or in the alternative for transfer to the Court of Claims, be and is hereby DENIED.

It is FURTHER ORDERED that part of the complaint that requests a writ of man-

damus or a mandatory injunction, is hereby DISMISSED.

IT IS SO ORDERED.