655 F.2d 832
 NORTHRIDGE BANK, Plaintiff,
v.
COMMUNITY EYE CARE CENTER, INC., Defendant and Third-Party
Plaintiff-Appellant,
v.
Richard E. GALECKI, Jonathan N. Weber, John G. Gonis, Arthur
M. Greve, Spencer Thomas, and Small Business
Administration, Third-Party Defendants-Appellees.
 No. 80-2533.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 15, 1981.
Decided Aug. 6, 1981.
 
 1
 Robert E. Sutton, Milwaukee, Wis., for plaintiff.
 
 
 2
 Barbara B. Berman, Asst. U. S. Atty., Milwaukee, Wis., for third-party defendants-appellees.
 
 
 3
 Before CUMMINGS, Chief Judge, and WOOD, Circuit Judge, and JAMESON, Senior District Judge.*
 
 
 4
 JAMESON, District Judge.
 
 
 5
 Community Eye Care Center, Inc. (Community) has appealed the dismissal of the federal defendants (the Small Business Administration (SBA) and two of its officers) from Community's conspiracy counterclaim and third-party complaint against appellees, which was filed in an action commenced by Northridge Bank (Bank). The case had been removed from state court. With the dismissal of the federal defendants the case was remanded to the state court for further proceedings. We affirm.
 
 Factual and Procedural Background
 
 6
 Northridge Bank leased equipment to Community. The Bank filed a complaint in a Wisconsin state court alleging default on the lease agreement and seeking recovery of possession of the equipment. Community denied being in default, and alleged in turn that it had tendered rental payments due under the lease but the Bank refused to accept payment. Community also asserted a counterclaim and third-party complaint against the Bank, two of the Bank's officers, a dentist, the SBA, and two of its employees, alleging that the third-party defendants conspired to destroy its business enterprise.[1]
 
 
 7
 The SBA removed the case to federal court. The Bank later voluntarily dismissed its complaint without prejudice. The district court retained jurisdiction over Community's conspiracy counterclaim. Several motions were filed, including motions for dismissal of third-party defendants SBA and its two employees. Community did not respond to the briefs in support of the motions to dismiss except to note that "we do not concede any of the conclusions advanced therein."
 
 
 8
 The district court concluded that the third-party complaint "falls within the scope of the Federal Tort Claims Act" (FTCA), 28 U.S.C. § 2671 et seq. Since Community had not complied with the requirement of 28 U.S.C. § 2401(b) that any tort claim against the United States must be presented to the administrative agency within two years, the action against the SBA was dismissed. The court also dismissed the two SBA employees because they were acting within the scope of their employment and there was no consent to sue and be sued that applied to them. With the dismissal of all of the federal defendants there was no basis for federal jurisdiction, and the case was remanded to the state court.
 
 Contentions on Appeal
 
 9
 Appellant contends that (1) 15 U.S.C. § 634(b)(1), rather than the Federal Tort Claims Act, is controlling and provides subject matter jurisdiction over the third-party claim; (2) in the alternative, if the court construes the FTCA to encompass all tort claims, the third-party claim exception applies and presentation of the claim to the SBA, pursuant to the "exhaustion" requirement of 28 U.S.C. § 2675, was unnecessary; and, (3) there is "consent to be sued" against the SBA officials, and there is no exhaustion requirement as to them.
 
 Effect of 15 U.S.C. § 634(b)(1)
 
 10
 Congress waived sovereign immunity for suits against the SBA in 15 U.S.C. § 634(b)(1):
 
 
 11
 (b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may
 
 
 12
 (1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; ...
 
 
 13
 Community contends that because this waiver is more specific and came later than the FTCA, it is controlling with respect to jurisdiction. Community therefore argues that it does not have to meet the requirements of the FTCA to maintain its conspiracy claim against the SBA and its employees.
 
 
 14
 The FTCA, however, provides in section 2679(a) that
 
 
 15
 The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.[2]
 
 
 16
 Section 2679(a) appears on its face to negate Community's contention, unless the acts complained of are not "cognizable under section 1346(b)." In FDIC v. Citizens Bank and Trust Co., 592 F.2d 364 (7 Cir. 1979), cert. denied, 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979), this court said in part:
 
 
 17
 (W)e hold that the waiver of immunity from tort liability of a federal agency or governmental corporation such as FDIC (Federal Deposit Insurance Corporation) is defined in the Federal Tort Claims Act, and that sue-and-be-sued authority does not permit suit outside that Act for torts excepted from the coverage of that Act. In so holding we align this circuit with the decisions of all the courts in other circuits that have addressed the question.
 
 
 18
 Id. at 371.
 
 
 19
 Community attempts to distinguish Citizen's Bank on the ground that the specific statutory waiver involved in that case predated the FTCA, whereas, in this case, 15 U.S.C. § 634(b)(1) was enacted subsequent to the FTCA and is more specifically applicable to the SBA. The Citizens Bank analysis did not, however, depend upon the relative time or specificity of waiver vis-a-vis the FTCA. Instead, the court relied upon "the apparent intent of Congress in adopting the Federal Tort Claims Act to define comprehensively the tort liability of the United States and its instrumentalities" and "to systematize and centralize the immunity laws" (Id. at 371), citing Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institution, 566 F.2d 289, 297-298 (D.C.Cir.1977), cert. denied, 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978), and to "place torts of 'suable' agencies of the United States upon precisely the same footing as torts of 'nonsuable' agencies." Id. at 372, citing H.R.Rep.No.1287, 79th Cong., 1st Sess. 6 (1945); S.Rep.No.1400, 79th Cong., 2d Sess. 33-34 (1946).[3]
 
 
 20
 Appellant relies upon an interpretation of the exclusive jurisdiction and exception provisions of the FTCA contained in Baker v. F & F Investment Co., 489 F.2d 829 (7 Cir. 1973). In Citizens Bank, however, this court noted that the interpretation of the Act in Baker was at most alternative support for a result already reached on another ground, was unnecessary to the decision, and involved a tort claim under federal law. Upon re-examination of the applicable statutes, legislative history, and decisions of other courts, we reached the conclusion quoted above, i. e., that the waiver of immunity from tort liability is defined in the FTCA and the sue-and-be-sued authority does not permit suit outside the Act, even "for torts excepted from the coverage of that Act."[4] We adhere to that holding. The FTCA, rather than 15 U.S.C. § 634(b)(1), is controlling as to jurisdiction.
 
 Third-Party Claim Exception
 
 21
 Community argues alternatively that even if the court construes the FTCA to encompass all tort claims, the conspiracy claim is asserted by way of counterclaim or third-party complaint and is specifically exempted from the "exhaustion" requirement of 28 U.S.C. § 2675(a).
 
 
 22
 Section 2675(a) provides that before suit can be filed, a claim must first be submitted to the appropriate federal agency and the agency has up to six months to allow or deny the claim. Community invokes the exception to the requirement, which states:The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, crossclaim, or counterclaim.
 
 
 23
 In order to qualify for this exception, however, a counterclaim must be a compulsory counterclaim. United States v. Taylor, 342 F.Supp. 715, 717 (D.Kan.1972); United States v. Chatham, 415 F.Supp. 1214, 1216 (N.D.Ga.1976). Even if the SBA can be considered to be a defendant to a "counterclaim", Community's claim is permissive and therefore fails to qualify for this exception.
 
 
 24
 Community's characterization of the SBA and its two employees as third-party defendants is inaccurate and likewise ineffective. Since Community's claim against the SBA is separate from the Bank's claim to recover possession of the leased equipment, the claim is not a true third-party claim under Fed.R.Civ.P. 14.
 
 
 25
 (A) defendant cannot assert an entirely separate claim against a third party under Rule 14, even though it arises out of the same general set of facts as the main claim; there must be an attempt to pass on to the third party all or part of the liability asserted against the defendant.
 
 
 26
 3 Moore's Federal Practice P 14.07(1) at 14-206 (2d ed. 1979).
 
 
 27
 The reasons for allowing a third-party complaint without a prior administrative claim do not exist in this case (e. g., a defendant/third-party plaintiff who is forced into a lawsuit and has no choice but to assert claims against those who might be liable for the acts he is charged with). See Rosario v. American Export Isbrandtsen Lines, Inc., 531 F.2d 1227 (3 Cir. 1976), cert. denied, 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976). The same rationale that excluded permissive counterclaims from the exemption of section 2675(a) requirements in Taylor and Chatham applies to the third-party claims in this case. Since Community's conspiracy claim is not a compulsory counterclaim or a proper third-party claim, Community cannot be excused for its failure to comply with 28 U.S.C. § 2675(a).
 
 Liability of SBA Employees
 
 28
 The district court dismissed the claim against the individual employees of the SBA on the ground that any judgment against them would actually be against the United States, which had not consented to be sued. Community does not dispute that the SBA officers were acting within the scope of their employment, but states only that, "For the reasons previously discussed, there is consent to be sued against the government officials, and there is no exhaustion requirement as to them."
 
 
 29
 Although Turner v. Ralston, 409 F.Supp. 1260 (W.D.Wis.1976), cited by appellant, appears to support Community's argument that jurisdiction can exist independently for claims against individual federal employees, that case is distinguishable since it involved an alleged infringement of constitutional rights. As the district court noted, no question of unconstitutional conduct is involved in this case. In contrast to Turner, Matranga v. Travelers Insurance Co., 563 F.2d 677, 678 (5 Cir. 1977), suggests that any tort claim against an agent of the federal government who is acting within the scope of his employment, is actually a claim against the United States. Similarly, the court in Murray v. Kleppe, 424 F.Supp. 108 (M.D.Pa.1977), held that officers of the SBA acting within their authority are "cloaked with sovereign immunity except to the extent by which it has been explicitly waived." Id. at 109, citing Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). Community's failure to comply with 28 U.S.C. § 2675(a) and the immunity granted the SBA through the FTCA extend in this case to the SBA officers.
 
 Conclusion
 
 30
 We conclude that the district court properly found that (1) the FTCA controls jurisdiction; (2) the third-party claim exception is inapplicable; and Community failed to meet the "exhaustion" requirements of the FTCA; and (3) the SBA officers are likewise immune from suit.
 
 
 31
 Affirmed.
 
 
 
 *
 The Honorable William J. Jameson, Senior District Judge of the United States District Court for the District of Montana, is sitting by designation
 
 
 [1]
 Community alleged that all of the third-party defendants conspired to destroy Community's business by (1) providing financing for the dentist to compete with Community within one block of Community's place of business; (2) harassing Community with lawsuits to render it insolvent; (3) urging Community's creditors to discontinue supplies and press for payment; (4) refusing Community's access to real estate owned by its principal officer; (5) increasing Community's obligation on notes; and (6) intercepting Community's mail and drawing on Community's bank accounts without authorization. As a second cause of action, Community alleged that these acts also constitute a conspiracy in restraint of trade in violation of Wisconsin law
 
 
 [2]
 Section 1346(b) is the FTCA waiver of sovereign immunity as to all federal agencies:
 (T)he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 There is no dispute here that the SBA is a federal entity for purposes of the FTCA and the two employees were acting within the scope of their employment.
 
 
 [3]
 See also Mullins v. First National Exchange Bank of Virginia, 275 F.Supp. 712, 719 (W.D.Va.1967), where the court held that the "subsequent chartering of the SBA with sue and be sued status" did not exempt suits against the SBA "from the strictures of the Tort Claims remedy."
 
 
 [4]
 Appellant's reliance on Mar v. Kleppe, 520 F.2d 867 (10 Cir. 1975), is also misplaced. Mar is not a tort action and its holding has no application to this case