Woodrow W. ROBINSON

v.

The UNITED STATES, Through its Agency, the SMALL BUSINESS ADMINISTRATION, et al.

Civ. A. No. 82–545–B.

United States District Court, M.D. Louisiana.

Dec. 9, 1982.

Otha C. Nelson, Simmons, Nelson & Dunn, Baton Rouge, La., for plaintiff.

Randall D. Miller, Asst. U.S. Atty., Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

This matter is before the Court on the motion of the United States, the Small Business Administration (SBA), and its administrator, James Sanders (sometimes referred to collectively as United States), to dismiss the plaintiff's claims against them for insufficiency of service of process and lack of subject matter jurisdiction. No oral argument is required on this motion.

Woodrow W. Robinson filed this action against the United States defendants and C & D Builders, Inc. seeking damages which arose out of the alleged failure of the defendants to live up to their obligations regarding the renovation of the plaintiff's motel. The plaintiff's complaint, although vague, appears to allege a breach of contract on the part of C & D Builders, Inc. and the SBA. There may also be an allegation of tortious inference with contract rights or fraud or misrepresentation.

■ The United States contends that no service was made on the Attorney General as required in suits against the government by Fed.R.Civ.P. 4(d)(4). The record, however, indicates receipt of the summons and complaint by the Attorney General on August 2, 1982. Therefore, the government's claim that there was insufficient service of process is without merit.

The government next contends that, insofar as the plaintiff's claim is in tort, this Court is without jurisdiction to hear the claim. This contention is based on the requirements of the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671 et seq.

■ The Federal Tort Claims Act is the exclusive remedy for actions in tort against the United States, its agencies, or employees. 28 U.S.C. § 2679. Therefore, the SBA jurisdictional statute on which the plaintiff relies, 15 U.S.C. § 634(b)(1), does not give the district courts power to hear tort claims against the agency. *Peak v. Small Business Administration,* 660 F.2d 375 (8th Cir.1981); *Northridge Bank v. Community Eye Care Center, Inc.,* 655 F.2d 832 (7th Cir.1981).

■ Furthermore, the plaintiff has failed to comply with the procedure for filing a claim under the Tort Claims Act. Title 28 U.S.C. § 2675(a) prohibits the institution of an action in the district courts until the claim is first presented administratively. This requirement is jurisdictional and cannot be waived. *Gregory v. Mitchell,* 634 F.2d 199 (5th Cir.1981); *Rise v. U.S.,* 630 F.2d 1068 (5th Cir.1980); *Employees Welfare Committee v. Daws,* 599 F.2d 1375 (5th Cir.1979); *Molinar v. U.S.,* 515 F.2d 246 (5th Cir.1975). The plaintiff has failed to file an administrative claim against the SBA prior to the institution of this action as required by the Federal Tort Claims Act.

Also, under 28 U.S.C. § 2680(h), the allegations of the complaint which are based on fraud, deceit, misrepresentation, or interference with contract rights cannot be brought against the United States at this time. Therefore, the plaintiff's tort claims against the United States, the SBA, and its administrator must be dismissed.

The plaintiff has also filed non-tort claims against the United States. In order to bring these claims, the plaintiff must overcome two hurdles. First, there must be

a statute waiving the government's sovereign immunity. Second, the claim must be brought in a court with subject-matter jurisdiction.

The plaintiff relies on 15 U.S.C. § 634(b)(1) to get over both these hurdles:

(b) Powers of Administrator. In the performance of, and with respect to, the functions, powers, and duties vested in him by this Act the Administrator may—

(1) sue and be sued in any court of record of a state having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property;

The United States claims that the Tucker Act controls, and relies on 28 U.S.C. § 1346(a)(2) which provides:

(a) The district court shall have original jurisdiction, concurrent with the Court of Claims, of . . .

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded, . . . upon any express or implied contract with the United States . . .

The government argues that exclusive jurisdiction lies in the Court of Claims since the plaintiff's claim is for over $10,000.

The precise scope of 28 U.S.C. § 1346(a)(2) is unclear. Several courts have held the limitation on district court jurisdiction applies only when the plaintiff is relying on the Tucker Act as a waiver of sovereign immunity. In other words, these cases hold that § 1346(a)(2) is a limitation on Tucker Act jurisdiction. However, if the plaintiff can find another statute waiving sovereign immunity and granting jurisdiction to the district courts, the Tucker Act limitation does not apply. *Trans-Bay Engineers & Builders, Inc. v. Hills,* 551 F.2d 370 (U.S.App.D.C.Cir.1976); *Bor-Son Building Corp. v. Heller,* 572 F.2d 174, 182, n. 14 (8th Cir.1978); *Ferguson v. Union National*

*Bank,* 126 F.2d 753 (4th Cir.1942); *George H. Evans & Co. v. U.S.,* 169 F.2d 500 (3d Cir.1948); *Ghent v. Lynn,* 392 F.Supp. 879 (D.Conn.1975); *Bennett Construction Co. Inc. v. Allen Gardens, Inc.,* 433 F.Supp. 825 (W.D.Mo.1977). Other courts have refused to so limit § 1346, usually on the ground that to do so would severely abridge the jurisdiction of the Court of Claims. *A.L. Rowan & Son, etc. v. Dept. of Housing,* 611 F.2d 997 (5th Cir.1980); *American Science & Engineering, Inc. v. Califano,* 571 F.2d 58 (1st Cir.1978); *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co.,* 595 F.2d 1126 (9th Cir.1979); *Molton, Allen & Williams, Inc. v. Harris,* 436 F.Supp. 853 (D.D.C.1977).

The Court has located no Fifth Circuit case in which the interrelationship of 15 U.S.C. § 634(b)(1) and 28 U.S.C. § 1346(a)(2) is expressly discussed. In *Romeo v. United States,* 462 F.2d 1036 (5th Cir.1972), the court held that § 634(b)(1) constituted a waiver of sovereign immunity as to a monetary claim greater than $10,-000. Jurisdiction was not discussed, although it would have been the court's duty to raise a lack of jurisdiction *sua sponte.* Fed.R.Civ.P. 12(h)(3); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 42, 53 L.Ed. 126 (1908).

In cases involving other statutes in which an administrator is granted the power to "sue and be sued", the Fifth Circuit has indicated that § 1346(a)(2) precludes a suit in district court for an amount greater than $10,000. *A.L. Rowan & Son, etc.,* supra; *Industrial Indemnity, Inc. v. Landrieu,* 615 F.2d 644 (5th Cir.1980); *Lomas & Nettleton Co. v. Pierce,* 636 F.2d 971 (5th Cir.1980); and see: *Graham v. Henegar,* 640 F.2d 732 (5th Cir.1981).

Other cases which have considered the precise interrelationship here at issue, however, have found 15 U.S.C. § 634(b)(1) to be an exception to 28 U.S.C. § 1346(a)(2). The distinction between § 634(b)(1) and other "sue and be sued" statutes is its language, "without regard to the amount in controversy."

In *Mar v. Kleppe,* 520 F.2d 867 (10th Cir.1975), the Tenth Circuit was faced with the precise question now before the Court. That court held that § 634(b)(1) extends district court jurisdiction to contract actions against the SBA for damages in excess of $10,000. The court principally relied on *Romeo v. U.S.,* supra, as well as the line of cases following *Ferguson v. Union National Bank,* supra, which limited the scope of § 1346(a)(2). *Mar* and *Romeo* were recently followed by the Ninth Circuit in *Munoz v. Small Business Administration,* 644 F.2d 1361 (9th Cir.1981). Other district court opinions are also in accord. *Claxton v. Small Business Administration,* 525 F.Supp. 777 (S.D.Ga.1981); *Bayco v. Weaver,* 520 F.Supp. 461 (D.Puerto Rico 1981); *Selected Risks Ins. Co. v. Kobelinski,* 421 F.Supp. 431 (E.D.Pa.1976).

The *Munoz* court distinguished *Marcus Garvey Square, Inc.,* supra, on the ground that the National Housing Act statute there in question, 12 U.S.C. § 1702, did not "expressly confer[ ] jurisdiction upon the district court without regard to the amount in controversy." 644 F.2d 1361, 1365, n. 3. Title 12 U.S.C. § 1702 was also the statute in question in the *Ferguson* line of cases and in the three Fifth Circuit cases cited earlier. Therefore, *A.L. Rowan & Son, etc., Industrial Indemnity, Inc.* and *Lomas & Nettleton Co.* may all be distinguished for the same reason as *Marcus Garvey Square, Inc.*

*Graham v. Henegar,* supra, does not command a different result. In that case, the waiver of sovereign immunity and grant of jurisdiction were admittedly based on the Tucker Act, so § 1346(a)(1) clearly applied. The language stating that the Court of Claims is the exclusive forum for non-tort claims against the United States is merely dictum. Furthermore, it is clear that the language is overly broad. Section 1346(a)(1) grants the district courts jurisdiction over internal revenue claims. A specific grant of jurisdiction such as that found in 15 U.S.C. § 634(b)(1), which applies only to SBA cases, should govern over the general rule of § 1346(a)(2). There are certainly sound reasons for Congress to allow SBA suits to be tried in the areas in which the causes of action arise.

■ Therefore, the Court holds that 15 U.S.C. § 634(b)(1), with its specific grant of district court jurisdiction without regard to the amount in controversy, is not limited by the $10,000 maximum of 28 U.S.C. § 1346(a)(2). Consequently, this Court has jurisdiction over the plaintiff's non-tort claims against the United States, the SBA, and its administrator.

IT IS ORDERED that the defendants' motion to dismiss for insufficiency of service of process be and is hereby DENIED.

IT IS FURTHER ORDERED that the defendants' motion to dismiss for lack of subject-matter jurisdiction be and is hereby GRANTED IN PART as it relates to the plaintiff's claims in tort. The plaintiff's tort claims are hereby DISMISSED.

IT IS FURTHER ORDERED that the defendants' motion to dismiss be and is hereby DENIED IN PART insofar as it is directed at the plaintiff's non-tort claims.