Pond v. Majercik                          CV-94-225-M    06/12/96
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Patricia Pond, Individually and as
Administratrix of the Estate of Scott Pond,
     Plaintiff,

     v.                                         Civil No. 94-225-M

Donald A. Majercik, and Parker Aviation
Enterprises, Inc., Defendants, and
John McGrath, Executor of the
Estate of Mary Jane McGrath,
     Defendant and Third Party Plaintiff,

     v.

Nathan Pond, Gary Pond, William
Batesole, James Parker, Jr.,
Lebanon Riverside Rotary, an
Unincorporated Association, and
the United States of America,
     Third Party Defendants.



                          O R D E R


     In its order of September 29, 1995, the court granted the

United States' motion to dismiss the third-party wrongful death

and contribution claims brought by the Estate of Mary Jane

McGrath (the "McGrath Estate").  Presently before the court is

the McGrath Estate's motion for reconsideration of that order and

the government's motion to supplement that order.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 1993, Parker Aviation, in conjunction with the Lebanon Riverside Rotary Club, obtained a Certificate of Waiver ("Waiver") from the Federal Aviation Administration ("FAA") authorizing specific deviations from otherwise applicable Federal Aviation Regulations ("FARS") governing air traffic operations. The Waiver permitted Parker Aviation to conduct an airshow at the Lebanon (N.H.) Municipal Airport from July 23 through 25, 1993. The FAA, following its customary practice, assigned an inspector to the airshow to monitor compliance with the Waiver's terms.

On July 24, 1993, Mary Jane McGrath died while performing in the airshow. The biplane she was piloting collided in mid-air with Scott Pond, a parachutist. Scott Pond was killed in the collision; as a result of the collision, the biplane crashed, killing McGrath. Patricia Pond, the wife of Scott Pond and the administrator of the Estate of Scott Pond (the "Pond Estate"), sued the McGrath Estate, seeking damages for the death of Scott Pond. The McGrath Estate, in turn, filed a third-party complaint against, inter alia, the United States, claiming the FAA negligently caused McGrath's death.

The McGrath Estate's amended third-party complaint, which superseded the original third-party complaint when filed on July

2

27, 1995, asserts two causes of action against the United States. Count VI of the amended complaint asserts a cause of action for wrongful death, seeking to hold the government directly liable to the McGrath Estate for the death of Mary Jane McGrath. Count VII of the amended complaint asserts a cause of action for contribution under N.H. Rev. Stat. Ann. ("RSA") § 507:7-f & g, seeking to hold the United States liable to the McGrath Estate to the extent the McGrath Estate is found to be liable to the Pond Estate and Patricia Pond, the plaintiffs in the principal action. Both causes of action are brought against the government pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.

In support of both of its causes of action, the McGrath Estate alleges two separate types of negligence on the part of the government. First, the McGrath Estate asserts that the FAA was negligent in issuing the Waiver that allowed the airshow to take place; the FAA inspector allegedly approved the application for the Waiver without first ensuring that the application was complete (the applicant allegedly failed to provide the names and qualifications of all parachutists). Second, the McGrath Estate alleges that the FAA inspector acted negligently in overseeing

3

the safe operation of the airshow after the Waiver had been approved.

The government moved to dismiss the McGrath Estate's amended third-party complaint, advancing two theories. First, the government argued that the discretionary function exception to the FTCA deprives this court of subject matter jurisdiction over all claims alleging either negligent issuance of the Waiver or negligent oversight of the airshow. Second, the government argued that even if the discretionary function exception did not bar the McGrath Estate's claims, this court still has no subject matter jurisdiction over the wrongful death claim (Count VI) because the McGrath Estate failed to exhaust its administrative remedies before filing suit, as required by the FTCA. See 28 U.S.C. § 2675(a).

In its objection to the government's motion to dismiss the amended third-party complaint, the McGrath Estate advanced two counter-arguments. First, it argued that both issuance of the Waiver and oversight of the airshow involve mandatory, non-discretionary duties on the part of the FAA inspector and, as a result, his alleged negligence in performing those duties does not fall within the discretionary function exception. Second, the McGrath Estate argued that it need not exhaust its

4

administrative remedies before suing for wrongful death because Count VI is a third-party action and, as such, falls within an exception to the FTCA's exhaustion requirement. 28 U.S.C. § 2675(a).

In its order of September 29, 1995, the court granted the government's motion to dismiss both counts of the McGrath Estate's amended third-party complaint. The court found that the allegations of negligent oversight of the airshow fell within the discretionary function exception to the FTCA and, as a result, the court lacked subject matter jurisdiction over both counts to the extent they were based on that theory. However, the court found it unnecessary to address the question of whether the alleged negligent issuance of the Waiver fell within the discretionary function exception because it found that the McGrath Estate had failed to allege that issuance of the Waiver was the proximate cause of the injuries sustained by the Estate. Therefore, the court dismissed both of the McGrath Estate's causes of action to the extent they alleged negligent issuance.

In addition, the court concluded that even if both of the McGrath Estate's causes of action were not otherwise barred, the wrongful death cause of action (Count VI) was barred for failure to exhaust administrative remedies. The court ruled that the

5

McGrath Estate's cause of action for wrongful death was not a "third-party action" within the meaning of either 28 U.S.C. § 2675(a) or Federal Rule Civil Procedure 14, because it was not an attempt to pass through to a third party all or part of the liability asserted against the McGrath Estate by the plaintiffs in the principal action. Rather, the wrongful death action sought to hold the government directly liable for the McGrath Estate's injuries. Because the McGrath wrongful death claim is not a proper third-party action, and because the McGrath Estate failed to exhaust its administrative remedies before bringing suit, the court determined it was without subject matter jurisdiction over Count VI of the amended third-party complaint. See 28 U.S.C. § 2675(a).

In summary, the court's September 29, 1995 order granted the government's motion to dismiss both counts asserted against it for the following reasons. The court lacked subject matter jurisdiction over Count VI, the wrongful death claim, because the McGrath Estate failed to exhaust its administrative remedies. To the extent Count VII, the contribution claim, alleged negligent oversight, the court lacked subject matter jurisdiction over it under the discretionary function exception to the FTCA. To the extent Count VII alleged negligent issuance of the Waiver, the

6

McGrath Estate failed to state a claim upon which relief could be granted because the court found that it did not sufficiently allege legal causation.

## II.  DISCUSSION

In its motion to reconsider, the McGrath Estate does not take issue with the court's dismissal of Counts VI and VII of the amended third-party complaint to the extent they are based on the theory of negligent oversight.  The court, therefore, affirms that portion of the September 29, 1995 order.  The McGrath Estate does, however, request the court to reconsider its ruling that the wrongful death claim must be dismissed for failure to exhaust administrative remedies.  In addition, the McGrath Estate contends that the court erred when it found that the third-party complaint did not sufficiently allege a causal link between issuance of the Waiver and the mid-air collision, because the amended third-party complaint did in fact assert legal causation.

### A.    Wrongful Death Claim and the Exhaustion Requirement

As a jurisdictional prerequisite to initiating a suit under the FTCA, a claimant must first exhaust its administrative remedies with the appropriate federal agency.  28 U.S.C.

7

§ 2675(a); <u>Cotto v. United States</u>, 993 F.2d 274, 280 (1st Cir. 1993).  There is, however, one statutory exception to the FTCA's exhaustion requirement; the requirement "shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by <u>third-party complaint</u>, crossclaim, or counterclaim." 28 U.S.C. § 2675(a) (emphasis added).  Prior to initiating this suit,[1] the McGrath Estate did not exhaust its administrative remedies.

The McGrath Estate argues that both of its causes of action against the government fall within the "third-party complaint" exception to the FTCA's exhaustion requirement.  Count VII of the McGrath Estate's amended third-party complaint clearly falls within the exception for third-party complaints because it is a cause of action for contribution brought pursuant to Federal Rule of Civil Procedure 14.  Count VI of the amended third-party complaint (wrongful death), on the other hand, is not a proper third-party action and does not fall within the exception.

---

[1] The McGrath Estate claims that since filing suit against the United States it has exhausted its administrative remedies. However, if a plaintiff does not exhaust its administrative remedies <u>before</u> initiating suit, but exhausts <u>after</u> suit is filed, the court must still dismiss that suit for lack of subject matter jurisdiction.  <u>McNeil v. United States</u>, 508 U.S. 106 (1993).

The exception for third-party complaints does not include actions that are not brought pursuant to Federal Rule of Civil Procedure 14. Keene Corp. v. United States, 700 F.2d 836, 842-43 (2d Cir.), cert. denied, 464 U.S. 864 (1983). A third-party claim may be asserted under Rule 14 only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant. 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1446 (1990). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." Id.

Count VI of the amended third-party complaint simply claims that the United States is directly liable to the McGrath Estate for the death of Mary Jane McGrath; it does not seek to transfer liability asserted against the McGrath Estate by Patricia Pond or the Pond Estate, the plaintiffs in the principal action. Thus, McGrath's wrongful death claim is not a legitimate third-party claim and does not fall within the exception to the FTCA's exhaustion requirement.

This conclusion is further bolstered by the policy underlying the FTCA's exception to the exhaustion requirement. "The reasons for allowing a third-party complaint without a prior administrative claim do not exist [as to Count VI] (e.g., a defendant/third-third party plaintiff who is forced into a lawsuit and has no choice but to assert claims against those who might be liable for the acts he is charged with)." Northridge Bank v. Community Eye Care Ctr., Inc., 655 F.2d 832, 836 (7th Cir. 1981). Because the McGrath Estate's wrongful death claim is not a third-party action within the meaning of 28 U.S.C. § 2675(a) or Rule 14, the court affirms its decision that Count VI of the amended third-party complaint must be dismissed for lack of subject matter jurisdiction.

**B.    Contribution Claim and Rule 14**

Because the court lacks subject matter jurisdiction over Count VI and lacks subject matter jurisdiction over Count VII to the extent it alleges negligent oversight on the part of the FAA, the only remaining question is whether the court properly dismissed Count VII to the extent it alleges negligent issuance of the Waiver. In support of its motion to reconsider the dismissal of its contribution action, the McGrath Estate

10

contends, correctly, that the court erroneously consulted the original third-party complaint, and not the amended third-party complaint then in effect, when it determined that the McGrath Estate did not adequately allege a causal connection between issuance of the Waiver and the mid-air collision. Because legal causation is alleged in the amended third-party complaint, the argument continues, the court cannot dismiss Count VII for failure to state a claim upon which relief can be granted and must address the question of whether the alleged negligent issuance falls within the discretionary function exception to the FTCA.

As noted, the McGrath Estate is correct in its assertion that the court erred in its September 29, 1995 decision when it examined the original third-party complaint, which had been superseded by the amended third-party complaint, for allegations of proximate cause. The Estate is also correct in pointing out that the amended third-party complaint does appear to allege a causal connection, albeit a tenuous one, between issuance of the Waiver and the collision that killed Mary Jane McGrath and Scott Pond. The McGrath Estate is incorrect, however, in its assertion that the court's error requires a re-examination of the discretionary function question and reinstatement of the

11

contribution claim against the government.  Rather, the McGrath Estate's contribution action still must be dismissed for failure to state a claim upon which relief can be granted, but for a different reason.

In order to bring a third-party contribution action pursuant to RSA 507:7-f & g and Federal Rule of Civil Procedure 14, as the McGrath Estate seeks to do here, a third-party plaintiff must first obtain the express consent of the plaintiffs in the principal action.  Connors v. Suburban Propane Co., 916 F. Supp. 73 (D.N.H. 1996); Pond v. Majercik, No. C94-225-M, slip op. (D.N.H. Feb. 7, 1996).  Indeed, a party's cause of action for contribution under RSA 507:7-f & g does not arise, or the statute of limitations begin to run, until the plaintiff consents or one of several other statutory conditions is satisfied.  N.H. Rev. Stat. Ann. § 507:7-f & g.

Here, Patricia Pond and the Pond Estate, the plaintiffs in the principal action, have not consented to impleader of the United States,[2] and none of the other statutory prerequisites has been met.  Therefore, Count VII of the McGrath Estate's amended third-party complaint, which seeks contribution from the

_____

[2] Indeed, at the pre-trial conference held on June 4, 1996, plaintiffs expressly declined to consent to joinder of the United States.

12

government under RSA 507:7-f & g, fails to state a claim upon which relief can be granted and must be dismissed. Fed. R. Civ. P. 12(b)(6). The court does note, however, that dismissal of Count VII, to the extent it alleges negligent issuance of the Waiver, is without prejudice to the McGrath Estate's right to bring a separate action for contribution against the United States at such time it becomes ripe for adjudication under the terms of RSA 507:7-f & g.

## III. CONCLUSION

Upon reconsideration, the court modifies its order of September 29, 1995 to acknowledge the allegation of causation contained in the McGrath Estate's amended third-party complaint. In addition, the court affirms its decision to dismiss Count VI of the amended third-party complaint for lack of subject matter jurisdiction. Finally, the court affirms its decision to dismiss Count VII of the amended third-party complaint for failure to state a claim upon which relief can be granted, albeit for reasons not addressed in the prior order.

13

SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

June 12, 1996

cc:  Michael G. Gfroerer, Esq.
     David B. Kaplan, Esq.
     Jeffrey B. Osburn, Esq.
     Garry R. Lane, Esq.
     Charles W. Grau, Esq.
     Mark Scribner, Esq.
     Michael G. McQuillen, Esq.
     Douglas J. Miller, Esq.
     Ronald L. Snow, Esq.
     James C. Wheat, Esq.
     David H. Bradley, Esq.