540 F.2d 1355
 SAVINI CONSTRUCTION CO., a co-partnership, Plaintiff-Appellant,
v.
CROOKS BROTHERS CONSTRUCTION CO., a Nevada corporation, and
Robert L. Helms Construction & Development Co., a
Nevada corporation, Defendants-Appellees.
 No. 72-1609.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 19, 1974.
 
 1
 Seymour H. Patt (argued), Reno, Nev., for plaintiff-appellant.
 
 
 2
 John S. Drendel (argued), Bradley & Drendel, Reno, Nev., for defendants-appellees.
 
 
 3
 Before MERRILL and BROWNING, Circuit Judges, and WEIGEL,* District Judge.
 
 OPINION
 WEIGEL, District Judge:
 
 4
 A contract for the emergency rehabilitation of a canal system in Nevada was advertised for bids by the Department of the Interior. The contract was one reserved exclusively for award to a small business under the Small Business Act, 15 U.S.C. § 631 et seq.[1]
 
 
 5
 Appellant Savini Construction Company (hereinafter "Savini") and appellee Crooks Brothers Construction Company (hereinafter "Crooks Brothers") both certified themselves as a small business as defined in the Small Business Administration regulations, 13 C.F.R. § 121.3 (1972),[2] and both, along with four other construction companies, submitted bids on the canal project. Crooks Brothers submitted the low bid.
 
 
 6
 Savini filed a protest with the Small Business Administration, charging that Crooks Brothers did not properly qualify as a small business. The San Francisco Regional office of the Small Business Administration determined that Brooks Brothers was a small business concern for purposes of the award, and Savini appealed this ruling to the Size Appeals Board of the Small Business Administration.
 
 
 7
 During the pendency of that appeal, the Department of the Interior awarded the contract to Crooks Brothers on January 6, 1971. Federal Procurement regulations authorize award of a contract despite the pendency of a size status determination before the Size Appeals Board if additional delay would be disadvantageous to the government. 41 C.F.R. § 1-1.703-2(e) (1964).[3] Allen M. Campbell Co. v. United States, 467 F.2d 931, 199 Ct.Cl. 515 (1972).[4]
 
 
 8
 More than three months after the award of the contract, on March 31, 1971, the Size Appeals Board found that Crooks Brothers, because of its affiliation with appellee Robert L. Helms Construction and Development Company, was not qualified as a small business. However, the Department of the Interior, because of the emergency nature of the work and the extent to which the work had been completed by Crooks Brothers, permitted that company to complete the contract.[5]
 
 
 9
 Appellant Savini filed suit in district court against Crooks Brothers and Robert L. Helms Construction and Development Company claiming they violated section 645 of the Small Business Act by conspiring to misrepresent Crooks Brothers as a small business in order to obtain the canal construction project contract. That section provides criminal penalties for anyone making "any statement knowing it to be false . . . for the purpose of influencing in any way the action of the (Small Business) Administration . . . ." Alleging that it was the lowest qualified bidder on the contract, and that it would have received the award but for the illegal acts of appellees, Savini requested compensation for lost profits and overhead of $145,000 an identical sum as punitive damages, and costs and attorneys' fees.
 
 
 10
 The alleged violation of federal law conferred federal question jurisdiction under 28 U.S.C. § 1331. Bell v. Hood, 327 U.S. 678, 681-682, 66 S.Ct. 773, 90 L.Ed. 939 (1946). However, the district court concluded that such a private cause of action by a disappointed bidder against a successful bidder for violation of the criminal provisions of the Small Business Act was neither expressly authorized by nor could be inferred from the Act. Upon motion of the defendants, the court dismissed the complaint for failure to state a claim upon which relief could be granted. Savini appeals, and for te reasons expressed below, we affirm.
 
 
 11
 The district court properly concluded that the Act does not expressly create a private cause of action for its enforcement, and appellant does not dispute this conclusion. Rather it argues that since it was in the class of intended beneficiaries of the set-aside provisions, and since it was damaged as a result of the violation of the Act, a private cause of action should be inferred from the Act. See Wyandotte Transportation Co. v. United States, 389 U.S. 191, 88 S.Ct. 379, 19 L.Ed.2d 407 (1967); Burke v. Compania Mexicana de Aviacion, SA, 433 F.2d 1031 (9th Cir. 1970).
 
 
 12
 However, courts may infer such private causes of action for damages from federal regulatory or criminal statutes only when such inference is
 
 
 13
 consistent with the evident legislative intent and, of course, with the effectuation of the purposes intended to be served the the Act.
 
 
 14
 National Railroad Passenger Corp. v. National Assoc. of Railroad Passengers, 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974). See also Burke v. Compania Mexicana de Aviacion, S.A. supra. Examining the set-aside provisions of the Small Business Act, it is evident that the Congressional intent and purpose, as manifested by the administrative regulations promulgated pursuant to the Act,[6] would be seriously frustrated by inference of the private cause of action for lost profits proposed by appellant.[7]
 
 
 15
 As noted, those regulations authorize a contracting officer to award a contract, despite the pendency of a size appeal before the Small Business Administration, if the officer determines that further delay would be against the public interest. 41 C.F.R. § 1-1.703-2(e) (1964). Such a regulation indicates that Congress, by enacting the set-aside provisions, did not intend to benefit small businesses at any cost. The public interest obviously requires that Congress first insure that contracts for governmental projects are performed in a timely and competent manner. To the extent that award of the contract to a small business is consistent with these requirements, the set-aside program insures that such award will be made. The public interest is thus additionally benefited by the consequent strengthening of small business. However, to the extent that award to a small business is inconsistent with the requirements of competency and timeliness, the "by-product" public interest derived from benefiting small business must yield. Mid-West Construction, Ltd. v. United States, 387 F.2d 957, 963, 181 Ct.Cl. 774 (1968).[8]
 
 
 16
 This Congressional purpose of aiding small business only insofar as the expeditious administration of government contracts is not jeopardized could be thwarted by permitting the private remedy requested here. In the present case, the federal contracting officer determined that the public interest would be better served by permitting Crooks Brothers to proceed with the emergency construction project. Had Crooks Brothers known that, depending on the post-award outcome of the size appeal, it would be subject to suit for its profits, it might well have declined to accept the award. Or, having accepted, it might have refused to continue work on the contract following the Size Appeals Board determination that it was originally ineligible to bid. Finally, although Crooks Brothers might have continued to execute the contract, serious problems of quality and speed of work could have arisen given the possible deprivation of profits at the conclusion of the project.
 
 
 17
 The likelihood that one such event would occur in the absence of a profit incentive is substantial. And the occurrence of any would undermine the Congressional intent to insure competency in the execution of government contracts and to eliminate delay when time is a crucial factor.
 
 
 18
 For these reasons we hold that, on the facts in this case, a private civil cause of action for lost profits cannot properly be inferred from the provisions of the Small Business Act.[9]
 
 
 19
 Affirmed.
 
 
 
 *
 Honorable Stanley A. Weigel, United States District Judge, Northern District of California, sitting by designation
 
 
 [1]
 Recognizing that "small business is the bulwark of free competitive enterprise," 1953 U.S.Code Cong. & Admin.News, pp. 2020, 2022, Congress enacted the Small Business Act to enable the federal government to "aid, counsel, assist, and protect, insofar as is possible, the interests of small-business concerns . . . ." 15 U.S.C. § 631
 The Act provides in relevant part:
 To effectuate the purposes of this chapter, small-business concerns within the meaning of this chapter shall receive any award or contract or any part thereof, . . . as to which it is determined by the Administration and the contracting procurement . . . agency . . . (3) to be in the interest of assuring that a fair proportion of the total purchases and contracts for property and services for the Government are placed with small-business concerns . . . .
 15 U.S.C. § 644. Such contracts are customarily referred to as small-business "set-asides."
 
 
 [2]
 The Act defines small business as "one which is independently owned and operated and which is not dominant in its field of operation," and authorizes the Administrator of the Small Business Administration to develop detailed size criteria. 15 U.S.C. § 632. These criteria are contained in the Small Business Administration regulations, 13 C.F.R. § 121.3, enacted pursuant to § 634(b)(6) of the Act
 Each concern submitting bids for a government procurement contract may, applying these criteria to its own situation, certify itself as a small business. The regulation provides that "in the absence of a written protest or other information which would cause him to question the veracity of the self-certification, the Contracting Officer shall accept the self-certification at face value for the particular procurement involved." 13 C.F.R. § 121.3-8 (1972).
 
 
 [3]
 The Federal Procurement regulations are promulgated by the General Services Administration pursuant to authority conferred by the Federal Property and Administration Services Act of 1949, 40 U.S.C. § 486(c) (1964). These regulations establish procedures for the award of government contracts, and along with the pertinent Small Business Administration regulations, govern the award of contracts set aside for small businesses. See Mid-West Construction, Ltd. v. United States, 387 F.2d 957, 959, 181 Ct.Cl. 774 (1968)
 
 
 [4]
 While construction of the canal was designated as an emergency project, the record does not indicate whether the award in the instant case was in fact predicated on a determination that further delay would be disadvantageous. However, appellant does not contest the propriety of the award by the Department of the Interior, and pursuant to the presumption of administrative regularity, it will be assumed that the award was made in conformity with the pertinent regulations. See Federal Communications Comm. v. Schreiber, 381 U.S. 279, 296, 85 S.Ct. 1459, 14 L.Ed.2d 383 (1965)
 
 
 [5]
 It is unlikely the Department of the Interior could have properly terminated the contract with appellant had it wanted to. The Court of Claims has repeatedly held that the government cannot rescind a validly awarded contract, advertised as a small business set-aside, even if the successful bidder is subsequently declared not to be a small business. Allen M. Campbell Co. v. United States, 467 F.2d 931, 199 Ct.Cl. 515 (1972); Mid-West Construction, Ltd. v. United States, 387 F.2d 957, 181 Ct.Cl. 774 (1968)
 
 
 [6]
 Where not inconsistent with the statute under which they were enacted, administrative regulations have the force and effect of law, General Services Administration v. Benson, 415 F.2d 878, 880 (9th Cir. 1969), and administrative interpretations of Congressional intent and purpose are to be accorded great deference. Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965)
 
 
 [7]
 In dismissing the complaint, the district court in the instant case relied on Royal Services, Inc. v. Maintenance, Inc., 371 F.2d 86 (5th Cir. 1966). The court there dismissed a similar action by a disappointed bidder on the grounds that the intended beneficiary of the set-aside provisions was the public rather than individual small businesses. We decline to adopt this reasoning. Since the public interest is furthered under the Act only by protecting individual small businesses, it cannot be said that the latter are not the intended beneficiaries. See Lloyd Wood Construction Co. v. Sandoval, 318 F.Supp. 1167 (N.D.Ala.1970), rev'd on other grounds, 446 F.2d 261 (5th Cir. 1971). Further, it is clear from the language and legislaaive history of the Act that it was designed to "aid, counsel, assist and protect, insofar as is possible, the interests of small-business concerns . . . ." 15 U.S.C. § 631; 1953 U.S.Code Cong. & Admin.News, pp. 2020, 2022
 
 
 [8]
 There are additional indications that Congress did not intend the set-aside provisions to interfere with federal procurement of goods and services. For example, the head of a contracting agency may reject all bids if he determines that such rejection is in the public interest. 10 U.S.C. § 2305(c). Also, the Small Business Administration regulations provide that in the absence of a protest concerning a bidder's qualifications, or in the event of a protest made after an award, the award is binding whether or not the successful bidder is a small business. 13 C.F.R. § 121.3-2(u). Otis Steel Products Corp. v. United States, 316 F.2d 937, 161 Ct.Cl. 694 (1963). Clearly the Congressional intent to aid small businesses must be viewed in perspective with the efficient administration of government contracts
 
 
 [9]
 Even were a cause of action to be inferred, an award of lost profits would be improper since a contract neither came into existence between plaintiff and the government, nor would have been certain to come into existence, but for the alleged wrongdoing of defendants. Keco Industries, Inc. v. United States, 428 F.2d 1233, 192 Ct.Cl. 773 (1970). It is unchallenged in the instant case that plaintiff submitted the next lowest bid. However, numerous factors in addition to the amount of the bid are considered in determining the suitability of a particular bidder for a contract award. The contracting officer must consider, among other factors, the bidder's size, skill, financial condition, and capacity to perform the particular job. Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970). In fact, there is no assurance that the contract would have been awarded to any of the five remaining bidders had defendants been eliminated from the competition, since the contracting agency is free to reject all bids. 10 U.S.C. § 2305(c). It would therefore be impossible for the district court to determine with any certainty that the contract would have been awarded to plaintiff, and lost profits could thus not be the measure of damages in a suit against defendants
 The proper measure of damages in such a suit would be the costs plaintiff incurred in preparing its bid. Cf. Merriam v. Kunzig, 476 F.2d 1233 (3rd Cir. 1973), rehearing denied, cert. denied, 414 U.S. 911, 94 S.Ct. 233, 38 L.Ed.2d 149 (1973). However, an action restricted to such relief would be ineffective in furthering the design of the Act, viz., to insure that small businesses derive the profits from a fair proportion of government contracts. Since such a limited cause of action would not be "necessary to insure the full effectiveness of the Congressional purpose," inferring it from a statute silent on the subject would be inappropriate. Burke v. Compania Mexicana de Aviacion, S.A., 433 F.2d 1031, 1033 (9th Cir. 1970).