**SPECO CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 236–83C.

United States Claims Court.

April 29, 1983.

A. Lynn Himes, Waukegan, Ill., for plaintiff; Brydges, Riseborough, Morris, Franke & Miller, Waukegan, Ill., of counsel.

Kathleen A. Flynn, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MAYER, Judge.

Plaintiff Speco Corporation filed its motions for a temporary restraining order and

preliminary injunction, and petitioned for declaratory judgment and permanent injunction on April 13, 1983. A hearing was held that day during which the parties suggested the matter may be susceptible to disposition on motions for summary judgment. They requested and the court ordered an expedited briefing schedule. Plaintiff having filed a protest with the General Accounting Office on April 5, 1983, the parties also requested and the court issued a call on the Comptroller General for an expedited decision on the bid protest in accordance with 28 U.S.C. § 2507 and RUSCC 34(d). The parties asserted that a Comptroller General's ruling might, if they agreed, resolve the matter, or at least assist the court in resolution of the case.

Defendant represented that no award of the contract involved here would be made until May 4, 1983, or until the court acts, whichever first occurs. Plaintiff expressed concern that an award might nevertheless be made before May 4 and while the case is pending before the court, thereby perhaps divesting the court of jurisdiction. The court observed that it is inconceivable that when counsel for the United States represents to the court that it will forebear, that it would nevertheless award the contract. Accordingly, the court granted the parties' request for expedited briefing.

Defendant filed a motion to dismiss for lack of jurisdiction or, alternatively, motion for summary judgment on April 19, 1983. Plaintiff filed its cross-motion on April 27, 1983, and the court received the Comptroller General's decision in response to its call the same day. *Speco Corporation,* 83–1 C.P.D. —— (Apr. 26, 1983).

A hearing on defendant's motion to dismiss and motion for summary judgment and plaintiff's cross-motion was held by telephone conference on April 28, 1983. Although the court had received the Comptroller General's decision, neither of the parties had as yet seen it. Accordingly, the court read the digest of the decision to them. Both said failure to receive the ruling did not require delay of the hearing. Before the hearing closed, the court an-

nounced that it would deny the motions for a temporary restraining order and preliminary injunction and stated its reasons, which are more fully developed here.

\* \* \*

Plaintiff is a small corporation of which J.R. Outlaw is the plant manager. It was low bidder on a Defense Department solicitation which was part of a small business set aside. A pre-award survey, *see* DAR 1–905.4(a), determined that plaintiff had the technical ability to perform the contract because of the expertise of its plant manager, Outlaw. After making a responsibility determination, *see* DAR 1–902, 1–903, 1–905, however, the contracting officer declined to award the contract to plaintiff because Outlaw lacked integrity. Ascribing Outlaw's alleged deficiencies to plaintiff, he determined it was nonresponsible. *See Mayfair Construction Co.,* 78–2 C.P.D. ¶ 187 (Sept. 11, 1978).

The contracting officer sent his determination of nonresponsibility to the Small Business Administration (SBA) for review. *See* 15 U.S.C. § 637(b)(7)(A); DAR 1–705.4. Upon review of the information supplied by the contracting officer and plaintiff, as supplemented by additional data gathered by its own officials, an SBA regional committee affirmed the contracting officer's decision and declined to issue a Certificate of Competency to plaintiff. *See id.* This suit to restrain and enjoin the contracting officer from determining it nonresponsible by ascribing alleged wrongs of Outlaw to the corporation followed.

■ The court need not now further describe the facts or address the merits of plaintiff's contentions because it lacks authority to enjoin an SBA determination of nonresponsibility manifested by refusal to issue a Certificate of Competency.

■ A waiver of sovereign immunity by the Congress is strictly construed and not to be expanded by implication. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1975); *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *Soriano v. United States,*

352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). This is equally true of the equitable authority of this court under 28 U.S.C. § 1491(a)(3). *See United States v. Grimberg,* 702 F.2d 1362 at 1373. (Fed. Cir.1983).

With this in mind, the court turns to 15 U.S.C. § 634(b) which states in pertinent part:

"In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator [of the Small Business Administration] may—

(1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but *no* attachment, *injunction,* garnishment, *or other similar process, mesne or final, shall be issued against the Administrator or his property* . . . . " (Emphasis added.)

This provision is a congressional waiver of immunity from suit; but it is a limited one, and does not permit the issuance of a temporary restraining order or injunction against the Administrator. *Little v. United States,* 489 F.Supp. 1012, 1016 (C.D.Ill.1980), *aff'd,* 645 F.2d 77 (7th Cir.1981); *Lloyd Wood Construction Co. v. Sandoval,* 318 F.Supp. 1167, 1171 (N.D.Ala.1970), *rev'd on other grounds sub nom. Campbell Co. v. Lloyd Wood Construction Co.,* 446 F.2d 261 (5th Cir.1971). Whatever other relief this court, and perhaps any court, might grant a plaintiff against the Administrator, which at this stage of the proceedings is not at issue, it cannot give injunctive relief.*

The court is reluctant to rely on expressions in legislative history because one often finds support for any statutory interpretation he seeks. However, one statement of congressional intent in amending

28 U.S.C. § 1491 to give equitable power to this court appears to be uncontradicted. "By conferring jurisdiction upon the Claims Court to award injunctive relief in the pre-award stage of the procurement process, the Committee does not intend to alter the current state of the substantive law in this area. . . ." S.Rep. No. 97–275, 97th Cong., 1st Sess. 23 (1981). The *Lloyd Wood Construction Co.* and *Little* cases are expressions of the pre-amendment substantive law.

Section 1491(a)(3) also does not contain an explicit enlargement of the limited waiver of immunity contained in the pre-existing 15 U.S.C. § 634(b). Whether or not the court believes this absence is an impediment to affording complete relief in contract claims, it is without authority to substitute its judgment for that of Congress and expand the waiver judicially. *J.E. Riley Investment Co. v. Commissioner,* 311 U.S. 55, 59, 61 S.Ct. 95, 97, 85 L.Ed. 36 (1940); *United States v. Grimberg,* 702 F.2d 1362 at 1373–1374.

Plaintiff insists that it does not seek equitable relief against the Administrator. It challenges the decision of the Army contracting officer as being arbitrary, capricious and grossly erroneous. Plaintiff sees 15 U.S.C. § 634(b) as no impediment to injunctive relief directed to the contracting officer to prevent award of the contract to another bidder.

The court is of the view, however, that in light of 15 U.S.C. § 637(b)(7)(A), the contracting officer no longer has the discretion or authority to award the contract to plaintiff. That provision says that the SBA "is empowered whenever it determines such action is necessary . . . [t]o certify to Government procurement officers, and officers engaged in the sale and disposal of Federal property, with respect to all elements of responsibility, including, but not limited to, capability, competency, capacity, credit, integrity, perseverance,

---

* In one case, *Cincinnati Electronics Corp. v. Kleppe,* 509 F.2d 1080 (6th Cir.1975), the authority to enjoin the SBA apparently was not questioned and the court decided the case on

the merits. To the extent, if any, this ruling might be viewed as authority contrary to the position taken here, the court declines to follow it.

338

and tenacity, of any small business concern or group of such concerns to receive and perform a specific Government contract. *A Government procurement officer or an officer engaged in the sale and disposal of Federal property may not, for any reason specified in the preceding sentence, preclude any small business concern or group of such concerns from being awarded such contract without referring the matter for a final disposition to the Administration.*" (Emphasis added.)

The statute gives "final disposition" of the competency certification of plaintiff to the SBA. "Final" means final and no suggestion has been made in these proceedings that the common understanding of the word is not the correct one. *See Chandler v. Roudebush,* 425 U.S. 840, 848, 96 S.Ct. 1949, 1953, 48 L.Ed.2d 416 (1976); *Lloyd Wood Construction Co. v. Sandoval,* 318 F.Supp. at 1171. The SBA has finally declared that for this contract plaintiff is not responsible and refused to issue a Certificate of Competency; the contracting officer is thereby disabled from awarding it the contract. Ordering the contracting officer to withhold award from another bidder with the implicit expectation that ultimately it might be made to plaintiff would be equivalent to enjoining the effectiveness of the decision statutorily reserved to the SBA. *See Lloyd Wood Construction Co. v. Sandoval,* 318 F.Supp. at 1172.

This court has no power to enjoin the Administrator directly; it will not disingenuously enjoin him indirectly.

Accordingly, plaintiff's motions for a temporary restraining order, preliminary injunction and permanent injunction are DENIED. Contrary to plaintiff's assertion at hearing, because its complaint does not, fairly read, contemplate the award of bid preparation costs, it shall have until May 11, 1983, to amend. At that time, consideration of the merits will proceed. If no amended complaint is filed by that date, the case will be dismissed for lack of jurisdiction.

It is so ORDERED.