GIBRALTAR INDUSTRIES, INC., et al.

v.

The UNITED STATES and H. Landau & Company, Intervenor.

EDCAR INDUSTRIES, INC.

v.

The UNITED STATES.

Nos. 378–83C, 387–83C.

United States Claims Court.

June 14, 1983.

Walter H. Fleischer, Washington, D.C., for plaintiffs Gibraltar Industries, Inc., et al. Alfred F. Belcuore, Steven F. Korostoff and Cole & Groner, P.C., Washington, D.C., of counsel.

John T. Boese, Washington, D.C., for H. Landau & Co., intervenor. Lawrence R. Sidman, Ilene F. Citrin and Fried, Frank, Harris, Shriver & Kampleman, Washington, D.C., of counsel.

Irving Jaffe, Washington, D.C., for plaintiff Edcar Industries, Inc. James D. Warren and Pettit & Martin, Washington, D.C., of counsel.

Helene M. Goldberg, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. Pamela G. Steele, Small Business Administration, Washington, D.C., of counsel.

OPINION

MEROW, Judge.

These matters come before the court on motions for Temporary Restraining Orders

filed by the plaintiffs, together with a motion to quash plaintiffs' subpoenae, filed by the defendant. A hearing was held on June 13, 1983.

## FACTS

Plaintiffs are contractors who have submitted bids for clothing contracts to be awarded by the Defense Personnel Support Center, an installation of the Defense Logistics Agency. The procurements at issue have been set aside for small business concerns pursuant to the Small Business Act, as amended, 15 U.S.C. § 644. For the textile procurement involved, the regulations of the Small Business Administration (SBA) define a small business concern as one which has no more than 500 employees. 13 C.F.R. § 121.3–16. In determining whether a concern meets this size standard, the size of the concern and its affiliates are considered. Affiliates are defined as concerns where, either directly or indirectly, one concern controls or has the power to control the other, or where a third party controls or has the power to control both. 13 C.F.R. § 121.3–2(a).

Under 15 U.S.C. § 637(b)(6) the SBA is authorized to determine the size status of businesses where procurements are restricted to small business concerns and this determination is conclusive on officers of the government having procurement powers. 15 U.S.C. § 637(b)(6).

The present controversy results from a June 2, 1983 determination of the SBA, communicated by a telegram sent on June 3, 1983 and received by Gibraltar on June 6, 1983, stating that "Gibraltar Industries, Inc., is affiliated with Edcar Industries, Inc., and is other than a small business concern under a size standard of 500 employees."

Plaintiffs vigorously contest the validity of the SBA's decision that Edcar Industries, Inc. is an affiliate of Gibraltar and assert that, as each concern has fewer than 500 employees, each is eligible to be awarded the contract(s) set aside for small business concerns on which they have submitted bids.

Citing the existence of irreparable harm if they are excluded from small business set asides, plaintiffs seek temporary restraining orders precluding the government procurement officers from denying plaintiffs: the right to bid upon small business set aside contracts; from failing to proceed to award to plaintiffs any of the contracts which they would receive absent the alleged Gibraltar-Edcar affiliation; and from making awards to any other firms on certain contracts.

In response, defendant and the intervenor (a bidder next in line on one procurement should Gibraltar not receive the award) argue that this court does not have jurisdiction to issue injunctive relief in this matter and that, in any event, plaintiffs have not established a basis for such relief.

## DISCUSSION

This case requires a determination as to the existence of the implied-in-fact contract which has been held to form the jurisdictional basis for the pre-award injunction power granted to this court in section 133(a) of the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25, 40, 28 U.S.C. § 1491(a)(3). *See United States v. John C. Grimberg Co.,* 702 F.2d 1362, 1366–68 (C.A.Fed.1983); *Keco Industries, Inc. v. United States,* 203 Ct.Cl. 566, 492 F.2d 1200 (1974); *Ingersoll-Rand Co. v. United States,* 2 Cl.Ct. 373 (Cl.Ct.1983).

The procurement officers of the government, having the authority to contract on small business set asides, have no discretion to consider bids of concerns determined by SBA not to be within the applicable size standard. 15 U.S.C. § 637(b)(6); *compare Schlesinger v. United States,* 182 Ct.Cl. 571, 390 F.2d 702 (1968). In determining the size of a concern, the SBA is not fairly and fully considering the concern's bid pursuant to an implied-in-fact contract. The SBA's size determinations are mandated by statute and regulation, not by a contract. The SBA's actions in determining size may be subject to judicial review in a United States District Court under 28 U.S.C. § 1331, which jurisdiction is not dependent upon

the existence of a contract with the United States. *See Eastern Canvas Products, Inc. v. Brown,* 580 F.2d 675 (D.C.Cir.1978); *Marinette Marine Corp. v. Department of the Navy,* 527 F.Supp. 587 (D.D.C.1981).

The cases cited in *Keco Industries, Inc. v. United States, supra,* which concerned SBA decisions, involved contract claims stemming from actions taken by procurement officers with respect to awarded contracts. *See Allen M. Campbell Co. v. United States,* 199 Ct.Cl. 515, 467 F.2d 931 (1972); *Mid-West Constr. Ltd. v. United States,* 181 Ct.Cl. 774, 387 F.2d 957 (1967); *Otis Steel Products Corp. v. United States,* 161 Ct.Cl. 694, 316 F.2d 937 (1963).

In a situation where the government's procurement officials, by law, may not consider certain bids, no possibility exists for the "offer" and "acceptance" necessary to form a 28 U.S.C. § 1491(a)(1) implied-in-fact contract requiring that such bids be fully and fairly considered. *Russell Corp. v. United States,* 210 Ct.Cl. 596, 537 F.2d 474 (1976), *cert. denied,* 429 U.S. 1073, 97 S.Ct. 811, 50 L.Ed.2d 791 (1977); *Tree Farm Development Co. v. United States,* 218 Ct.Cl. 308, 585 F.2d 493 (1978). As Chief Judge Kozinski states in *Ingersoll-Rand Co. v. United States, supra* at 375, "This collateral contract arises from the bid solicitation process and guarantees that a bid submitted in conformity with the requirements of the invitation for bids will be fully and fairly considered."

A contractor who has been determined not to be a small business concern cannot submit a bid in conformity with the requirements of a small business set aside procurement. Such a concern cannot be a party to a contract with the United States limited to small business concerns and cannot, therefore, have a "contract" claim brought prior to award on which this court is empowered to grant equitable relief under 28 U.S.C. § 1491(a)(3).[1]

## CONCLUSION

As it is determined that plaintiffs have not set forth contract claims against the United States within this court's jurisdiction under 28 U.S.C. § 1491(a)(1),[2] no basis has been established for the exercise of the equitable powers afforded under 28 U.S.C. § 1491(a)(3) and plaintiffs' complaints shall, accordingly, be dismissed for lack of jurisdiction.

---

1. Defendant and intervenor also argue that this court lacks jurisdiction to grant equitable relief by reason of 15 U.S.C. § 634(b). Given the result reached here it is not necessary to reach this argument. *Compare Speco Corp. v. United States,* 2 Cl.Ct. 335 (Cl.Ct.1983); *Related Industries, Inc. v. United States,* 2 Cl.Ct. 517 (1983).

2. During the hearing, government counsel noted that SBA has not determined that Edcar Industries, Inc. is not a small business, so that Edcar remains eligible to obtain small business set asides and could be a party to an implied-in-fact contract that its bid would be fairly and fully considered by the procurement officers concerned. However, given the June 2, 1983, SBA determinations with respect to Gibraltar's size, that Edcar is a Gibraltar affiliate, it may be only a matter of time for a question as to Edcar's size to be presented to SBA for determination. In any event, at present, Edcar has not set forth any claim that its pending bid on a small business set aside is not being fully and fairly considered by the procurement officials such as to entitle it to relief under 28 U.S.C. § 1491(a)(3).