PER CURIAM.
 

 The Small Business Administration determined that the appellant, Gibraltar Industries, Inc. (Gibraltar), was not a small business concern because it did not meet the agency’s size requirement that such concerns are limited to those that, including affiliates, have no more than 500 employees. Since that determination of the Small Business Administration is conclusive upon government contracting officers, 15 U.S.C. § 637(b)(6) (1982), the result was to preclude the award to Gibraltar of contracts set aside for small businesses. Gibraltar previously had been certified as a small business concern and had been awarded a number of such contracts.
 

 The appellants then filed this suit in the United States Claims Court pursuant to section 133(a) of the Federal Courts Improvement Act of 1982, 28 U.S.C.A. § 1491(a)(3) (Supp.1983), seeking a temporary restraining order. They sought to enjoin the government from (1) barring Gibraltar from bidding upon contracts set aside for small businesses, (2) failing to award contracts to Gibraltar because it was not a small business, and (3) awarding certain contracts to other firms.
 

 The Claims Court dismissed the complaint for lack of jurisdiction. The court pointed out that its jurisdiction to grant injunctive relief at the suit of an unsuccessful bidder rested upon a breach of the government’s implied-in-fact contract to consider all bids fully and fairly.
 
 See United States v. John C. Grimberg Co.,
 
 702 F.2d 1362, 1366-68 (Fed.Cir.1983). It ruled:
 

 A contractor who has been determined not to be a small business concern cannot submit a bid in conformity with the requirements of a small business set aside procurement. Such a concern cannot be a party to a contract with the United States limited to small business concerns and cannot, therefore, have a “contract” claim brought prior to award on which this court is empowered to grant equitable relief under 28 U.S.C. § 1491(aX3).
 

 Gibraltar Industries, Inc. v. United States,
 
 2 Cl.Ct. 589 at 591 (Cl.Ct.1983) (footnote omitted). 2 Cl.Ct. 589.
 

 The appellants appealed the dismissal of the complaint to this court. While the appeal was pending, the Small Business Administration recertified Gibraltar as a small business concern. The particular contracts, the award of which the appellants sought to enjoin, have been awarded.
 

 
 *749
 
 Both sides agree that the case therefore is moot. We concur.
 

 Where, as here, a case becomes moot while on appeal, the proper disposition is to vacate the judgment of the lower court and to remand the case to that court with instructions to dismiss the complaint for mootness and not, as the government urges, to dismiss the appeal.
 
 Great Western Sugar Co. v. Nelson,
 
 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979);
 
 see United States v. Munsingwear,
 
 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).
 

 Accordingly, the judgment of the United States Claims Court is vacated and the case is remanded to that court with instructions to dismiss the complaint on the ground that the case is moot.
 

 VACATED AND REMANDED.