968 F.2d 1226
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Tyrone L. DAVIS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent,
and
Merit Systems Protection Board, Intervenor.
 No. 91-3345.
 United States Court of Appeals, Federal Circuit.
 May 11, 1992.
 
 Before PAULINE NEWMAN, ARCHER and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tyrone L. Davis appeals the October 24, 1990 decision of the Merit Systems Protection Board (MSPB or board), Docket No. AT075290C0214, made final on April 23, 1991, which denied Davis' petition for enforcement of a Settlement Agreement with the United States Postal Service (Postal Service). We affirm.
 
 
 2
 Under the Settlement Agreement entered into as a result of Davis' proposed removal for making false statements on his application for employment, the Postal Service agreed to "rescind the removal action ... and expunge the record." The Agreement further provided: "The agency will not issue further adverse action against the appellant based on the falsification issues as defined in this appeal."
 
 
 3
 One month after the Agreement was signed, Davis was indicted on three counts of fraud in the United States District Court for the Northern District of Florida. The indictment was brought by the U.S. Attorney at least in part because of information contained in the Postal Service's investigative report of Davis' false statements in his application for employment. Claiming that the indictment breached the Settlement Agreement, Davis petitioned the board for enforcement on June 27, 1990. In the petition, Davis asked for dismissal of the then pending criminal prosecution, sanctions against the Postal Service, and such further relief as the board deemed just and proper. The Administrative Judge (AJ) found no violation of the Agreement. The board declined review of that decision on April 23, 1991, making the AJ's decision final. In the interim, on January 10, 1991, Davis was convicted on all counts of the indictment.[1]
 
 
 4
 On appeal, Davis asks us to "[r]everse the MSPB decision on Settlement Compliance," and "enforce the Agency waiver in the Settlement Agreement of their rights to litigate." Our standard of review requires that the board's decision be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 5
 The board found that the agreement by the Postal Service not to "issue further adverse action" against Davis related only to an adverse action defined in Chapter 75 of Title 5 U.S.C. and, therefore, did not preclude a criminal proceeding. The board said:
 
 
 6
 The term "adverse action" is set forth at 5 U.S.C. Chapter 75 and includes administrative disciplinary actions such as removal. It does not include actions brought in Federal district court for criminal offenses. Thus, the plain language of the agreement itself does not prohibit the agency from bringing a criminal indictment against appellant.
 
 
 7
 Moreover, the board noted that one of the counts of the indictment was unrelated to the adverse action that was settled.
 
 
 8
 The board also held that in the context of an agency disciplinary action, the Settlement Agreement's requirement to "expunge the record," indicates only that the Postal Service would remove all documents from Davis' official personnel file, and not that it would destroy those documents.
 
 
 9
 We are not convinced that the board's interpretation of the agreement is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, or that it is not supported by substantial evidence. Davis had the burden of showing that the agency was not in compliance with the Settlement Agreement. The evidence of record does not conflict in any way with the board's interpretation of the Agreement. Because the Agreement was found not to cover a potential criminal proceeding, the subsequent indictment of Davis was not a violation of that Agreement.
 
 
 10
 Davis requests five other forms of relief from this court.[2] We need not reach the merits of his requests because none of them was raised below. See Meglio v. Merit Systems Protection Board, 758 F.2d 1576, 1577 (Fed.Cir.1984). Moreover, the board had no jurisdiction to grant any of the relief sought, nor does this court. See Noble v. Tennessee Valley Authority, 892 F.2d 1013, 1015 (Fed.Cir.1989); 5 C.F.R. § 1201.3 (1991); 28 U.S.C. § 1295(a)(9) (1988).
 
 
 
 [1]
 The AJ found no violation of the Agreement and, therefore, did not award sanctions or other relief and did not consider whether the board has the authority to cause dismissal of a criminal indictment. Since Davis has been convicted, his request for dismissal of the indictment has become moot. See United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950); Gibraltar Indus., Inc. v. United States, 726 F.2d 747, 749 (Fed.Cir.1989). Because of Davis' request for sanctions, however, we must review the board's conclusion that the Postal Service did not violate the Agreement
 
 
 [2]
 Petitioner's five additional requests are that this court: (1) instruct the District Court regarding evidence it received; (2) merge Davis' action against the Postal Service with the criminal action in District Court; (3) ask the United States Court of Appeals for the Eleventh Circuit and the District Court to appoint a public defender for Davis; (4) grant Davis damages under Title VII of the Civil Rights Act; (5) instruct the District Court that it is not bound by the AJ's interpretation of the Settlement Agreement