**Tony COLIDA, Plaintiff–Appellant,**

v.

**MOTOROLA, INC., Defendant–Appellee.**

**No. 03–1357.**

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 8, 2003.

Before MAYER, Chief Judge, MICHEL and BRYSON, Circuit Judges.

PER CURIAM.

Tony Colida appeals the April 7, 2003, order of the United States District Court

for the Northern District of Illinois dismissing his claims against Motorola, Inc. with prejudice. The district court dismissed because it found that a settlement agreement executed between the parties rendered Colida's allegations of patent infringement moot. There is no dispute between the parties that a settlement agreement concerning Colida's underlying claims was validly executed, therefore we *affirm*.

The question of whether a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction was properly granted is a purely procedural question not particular to patent law, to which this court applies the law of the regional circuit, in this case, the Seventh. *See Madey v. Duke Univ.*, 307 F.3d 1351, 1358 (Fed.Cir.2002). The Seventh Circuit "review[s] a district court's dismissal of an action under Rule 12(b)(1) *de novo.*" *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Additionally, the Seventh Circuit has determined that when a settlement agreement becomes final, the claims underlying the agreement become moot, and that a breach of that agreement does not prevent the settlement from being effective. *Selcke v. New England Ins. Co.*, 2 F.3d 790, 792 (7th Cir.1993).

Colida does not contest the validity of the settlement agreement concerning his patent infringement claims; rather, he asserts that Motorola is in breach of the settlement agreement and it is therefore unenforceable. Even assuming that Motorola is in breach, Colida is not entitled to revive his claims, which were rendered moot when the settlement agreement was reached.