NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GLENN DEFENSE MARINE (ASIA), PTE LTD.,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5071

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-852, Judge Frances M. Allegra.

---

## ON MOTION

---

Before LOURIE, PROST, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

## ORDER

Glenn Defense Marine (Asia), Pte Ltd. ("Glenn Defense") appeals from a judgment of the United States Court of Federal Claims. We dismiss the appeal as moot.

I.

On May 6, 2010, the United States Navy ("Navy") solicited proposals to provide indefinite-delivery, indefinite-quantity (IDIQ) husbanding services for Navy ships in four ports in the Philippines.

The solicitation stated that the work was to be subdivided among four ports: (1) Manila, (2) Subic Bay, (3) Puerto Princesa, and (4) Cebu. The solicitation requested that bidders indicate the "unit prices for all contract items," and that pricing proposals were to be based on the bidder's proposals for each port.

Navy designated three companies that submitted proposals as technically acceptable. These companies were Glenn Defense, Inchcape, and Global.

The Contracting Officer (CO) drafted a Business Clearance Memorandum (BCM) on August 12, 2010, that indicated the contract was a single IDIQ contract to be awarded pursuant to a "Lowest Price Technically Acceptable Source Selection Process," and that Glenn Defense was the "lowest total price offeror."

In the final BCM, however, the CO stated that while Glenn Defense had submitted the lowest, technically acceptable, total price offer, Global had submitted the lowest, technically acceptable offer on the Manila and Subic Bay ports. The CO split the contract award with the Manila and Subic Bay ports being awarded to Global and the Puerto Princesa and Cebu ports being awarded to Glenn Defense.

After Glenn Defense's bid protest was denied by the Government Accountability Office, it filed a complaint at the Court of Federal Claims seeking, inter alia, to enjoin the Government from awarding the contract to Global, arguing that the solicitation mandated a single supplier of services.

In its decision from which Glenn Defense seeks our review, the trial court determined that the solicitation reserved Navy's right to award either a single contract covering all four ports, or multiple contracts covering one to three ports. Having concluded that the Navy's split award decision was not contrary to law, the court denied Glenn Defense's requested relief.

After Glenn Defense filed its notice of appeal, however, Navy declined its option to continued performance by Global, and instead awarded a contract to Glenn Defense for husbanding services on all four ports.

## II.

We agree with the Government that Navy's subsequent award of all four ports to Glenn Defense moots this appeal.

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "The case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). The parties must therefore continue to have a "'personal stake in the outcome'" of the lawsuit. *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

In analogous circumstances to this case, this court in *Gibraltar Indus., Inc. v. United States*, 726 F.2d 747 (Fed. Cir. 1984) dismissed the appeal of a contractor seeking review of a decision dismissing its bid protest regarding a small business set aside procurement. There, an appeal to enjoin the award of the contract to another party was mooted after the contractor on appeal was recertified as a small business concern and awarded the contract it sought to enjoin. Similarly here, Glenn Defense seeks to enjoin a contract for performance of services that it has now been

awarded. Thus, as in *Gibraltar Indus.*, there is no actual, ongoing case or controversy for us to decide.

Glenn Defense asserts two arguments for why this appeal is not rendered moot by the award of the contract for performance of husbanding services for the Manila and Subic Bay ports, neither of which is persuasive.

Glenn Defense first argues that the appeal is not moot because the Court of Federal Claims can award bid preparation and proposal costs that were wasted by competing for this illegal and unfair contract award. The law is clear, however, that when a court seeks to determine whether a claim is moot because the claim has been satisfied, the proper focus is on whether the plaintiff's principle claim has been resolved, not on whether ancillary expenses have been paid or have accrued. As the Supreme Court stated in *Diamond v. Charles*, 476 U.S. 54, 70-71 (1986), "the fact that continued adjudication would provide a remedy for an injury that is only a byproduct of the suit itself does not mean that the injury is cognizable under Article III."

Glenn Defense also argues that given the short one-year duration of the contract, there is a reasonable expectation that the procurement violation will reoccur.

What is commonly called the "capable of repetition, yet evading review" exception to the mootness doctrine requires that (1) the changed action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

We are not satisfied that both elements are present in this case. Even if the Navy is likely to continue to use solicitations for multiple-lot contracts for naval husbanding services and Glenn Defense is likely to continue to bid on them, we do not see why the refusal to award a single

contract rather than a split award contract is the sort of action that is likely forever to "evade review." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted. The appeal is moot.

(2) Each side shall bear its own costs.

FOR THE COURT

FEB 0 6 2012

Date

/s/ Jan Horbaly

Jan Horbaly
Clerk

cc:  David S. Black, Esq.
P. Davis Oliver, Esq.

s19

Issued As A Mandate: __FEB 0 6 2012__

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 0 6 2012

JAN HORBALY
CLERK