James F. OUTLAW, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 11–526C.

United States Court of Federal Claims.

April 5, 2012.

James F. Outlaw, Ewa Beach, HI, pro se plaintiff.

Anthony W. Moses, United States Department of Justice, Washington, DC, with whom were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS BASED ON LACK OF SUBJECT MATTER JURISDICTION

FIRESTONE, Judge.

Plaintiff James F. Outlaw ("plaintiff") brings this breach of contract case, pursuant to the Tucker Act, 28 U.S.C. § 1491 (2006), claiming that the United States Army breached a negotiated settlement agreement with plaintiff that resolved two of plaintiff's formal discrimination complaints against the Army. Pending before the court is defendant the United States' ("the government") motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons discussed below, the government's motion to dismiss is **GRANTED.**

On October 28, 2010, plaintiff filed a complaint against the United States Army in the United States District Court for the District of Hawaii. Plaintiff's complaint was subsequently amended on May 27, 2011. On June 16, 2011, the Hawaii District Court transferred plaintiff's amended complaint to this court. Plaintiff's case was assigned to this court on September 23, 2011. Plaintiff's complaint alleges that the Army breached an April 5, 2007 negotiated settlement agreement ("first settlement agreement") between the Army and plaintiff. Compl. ¶¶ 18–25.

After plaintiff's complaint was transferred but before plaintiff's case was assigned to this court, on July 27, 2011, plaintiff and the Army executed another negotiated settlement agreement ("second settlement agreement"), pursuant to which plaintiff agreed to file in this court a motion to dismiss his transferred complaint. The relevant terms of the second settlement agreement are as follows:

> Complainant agrees that his signature on this Agreement constitutes withdrawal, with prejudice, of his complaint filed on October 28, 2010 in the U.S. District Court, District of Hawaii, ... which the U.S. District Court for Hawaii transferred to the U.S. Court of Federal Claims, but to date has not been accepted by the U.S. Court of Federal Claims.... Complainant also agrees that his signature on this Agreement constitutes withdrawal, with prejudice of said complaint transferred to the U.S. Court of Federal Claims.... Complainant/Plaintiff/Mr. Outlaw agrees to file with the United States Court of Federal Claims a Voluntary Motion to Dismiss this said civil action complaint, concurrent to executing this settlement agreement, and to execute and file with the United States Court of Federal Claims any and all other required documents to effectuate the withdrawal and dismissal of said civil action.

Def.'s Mot., Ex. C ¶ 5d. In consideration of this and other terms in the second settlement agreement, plaintiff received $48,000 from the Army, and the Army agreed to cancel plaintiff's removal from federal service. Id. ¶¶ 4a, 4b.

However, plaintiff failed to file a voluntary motion to dismiss in this court as required by the terms of the second settlement agreement. Instead, on November 29, 2011, plaintiff filed his complaint in this court, which is virtually identical to the original complaint filed in the federal district court and which is based on alleged violations of the first settlement agreement. The complaint does not identify the second settlement agreement entered into on July 27, 2011. See Transfer Compl., ECF No. 5. The government argues that, in light of the second settlement agree-

ment, this court lacks subject matter jurisdiction over plaintiff's claims. Def.'s Mot. at 7–9.

Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter the court must decide. *See PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1364 (Fed.Cir.2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). Jurisdiction is a threshold matter because a case cannot proceed if a court lacks jurisdiction to hear it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)). When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that "the allegations stated in the complaint are taken as true." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed.Cir.2004) (quoting *Shearin v. United States*, 992 F.2d 1195, 1195–96 (Fed. Cir.1993)). A *pro se* plaintiff, such as Mr. Outlaw, is entitled to a liberal construction of the pleadings. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements. *Bernard v. United States*, 59 Fed.Cl. 497, 499 (2004) ("This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements."), *aff'd*, 98 Fed.Appx. 860 (Fed.Cir.2004). Accordingly, the burden is on plaintiff to establish, by a preponderance of the evidence, that this court has jurisdiction to hear his complaint. *See M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed.Cir.2010) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988)). For purposes of evaluating jurisdiction, the court may look beyond the pleadings and "inquire into jurisdictional facts" to determine whether jurisdiction exists. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed.Cir.1991).

The government argues that the second settlement agreement rendered plaintiff's claims regarding the first settlement agreement moot.[1] Federal courts have jurisdiction over only actual and ongoing cases or controversies.[2] *Glenn Def. Marine (Asia), PTE Ltd. v. United States*, 469 Fed.Appx. 865, 866 (Fed.Cir.2012). A case becomes moot when "the issues present are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). To avoid dismissal for mootness, "an actual controversy must remain at all stages, not merely at the time the complaint is filed." *Gerdau Ameristeel Corp. v. United States*, 519 F.3d 1336, 1340 (Fed. Cir.2008). Generally, the settlement of a dispute renders a case moot. *Kimberly–Clark Corp. v. Procter & Gamble Distr. Co.*, 973 F.2d 911, 914 (Fed.Cir.1992) (citing *Local No. 8–6, Oil, Chem. & Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363, 368–69, 80 S.Ct. 391, 4 L.Ed.2d 373 (1960)). Here, the government asserts that because plaintiff settled his claims with regard to the alleged breach of the first settlement agreement when he entered into the second settlement agreement, and expressly agreed to voluntarily dismiss his case before this court, plaintiff's case in this court is now moot.

The court agrees with the government that this court lacks subject matter jurisdiction over plaintiff's claims. The terms of the second settlement agreement, executed on July 27, 2011, clearly indicate that plaintiff agreed that his claims involving the first settlement agreement were resolved and that, in return for the benefits he received under the second settlement agreement, he

---

1. The government also argues that plaintiff lacks standing. However, where, as here, plaintiff lost his interest in the litigation after the filing of the complaint, an analysis based on mootness is more appropriate. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 190–91, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

2. Plaintiff bases its argument on Article III of the United States Constitution, which limits the jurisdiction of federal courts to "Cases" and "Contro-

versies." While the jurisdiction of this court, as an Article I court, is not limited by the "cases and controversies" requirement of Article III, this court applies the same standing and mootness requirements enforced by other Article III federal courts. *See Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1359 (Fed.Cir.2009); *Gear Wizzard, Inc. v. United States*, 99 Fed.Cl. 266, 274 (2011).

would withdraw, with prejudice, his complaint from this court. *See* Def.'s Mot., Ex. C ¶ 5d.

To avoid dismissal, plaintiff argues that his case should not be considered moot because approximately seven months after he signed the second settlement agreement, and approximately three months after he filed the present case, he decided to contest the validity of the second settlement agreement before the Merit Systems Protection Board ("MSPB"). Pl.'s Resp. at 1–4, Ex. A. Plaintiff's response, however, fails to demonstrate why his claims are not moot. In the complaint presently before this court, plaintiff alleges violations of the first settlement agreement only, claims which have been mooted by the second settlement agreement. Plaintiff raises the invalidity of the second settlement agreement for the first time in his response to the government's motion to dismiss. Yet, plaintiff does not dispute that he agreed to the terms of the second settlement agreement, nor does he dispute that the second settlement agreement resolved his claims regarding the first settlement agreement. Rather, plaintiff argues only that his complaint should not be dismissed because

after he filed this lawsuit, he decided to challenge the second settlement agreement before the MSPB.

Plaintiff's challenge to the second settlement agreement fails to provide a sufficient basis for this court to conclude that the lawsuit now before it is not moot.[3] The second settlement agreement was controlling when the present case was filed and clearly mooted plaintiff's claims arising from the alleged breach of the first settlement agreement. The second settlement agreement therefore bars this court from exercising its jurisdiction over plaintiff's case.

For the foregoing reasons, the government's motion to dismiss the complaint based on lack of subject matter jurisdiction under RCFC 12(b)(1) is **GRANTED.**

**IT IS SO ORDERED.**

---

**3.** In this regard, the court notes that plaintiff's challenge to the second settlement agreement does not make it ineffective for the purpose of determining mootness. For example, in an unpublished opinion, the Federal Circuit, applying Seventh Circuit law in a patent case, found that "when a settlement agreement becomes final, the claims underlying the agreement become moot, and [ ] a breach of that agreement does not prevent the settlement from being effective." *Colida v. Motorola, Inc.,* 77 Fed.Appx. 516, 517 (Fed.Cir.2003) (citing *Selcke v. New England Ins. Co.,* 2 F.3d 790, 792 (7th Cir.1993)).